FELLOWS *et al. v.* WALKER, Auditor, *et al.*

(*Circuit Court, N. D. Ohio, W. D.* June 7, 1889.)

1. CONSTITUTIONAL LAW—LOCAL AND SPECIAL LAWS.

> Act Ohio Jan. 22, 1889, which is equally applicable to all cities of a certain class, is not unconstitutional as a special act because there may be but one city of that class.

2. SAME—TAXATION—PUBLIC PURPOSES.

> The fact that the act authorizes the issuing of bonds for the purpose of supplying municipal corporations and their citizens with natural gas does not render it unconstitutional as exercising the power of taxation for a private purpose.

3. INJUNCTION—AGAINST MUNICIPAL CORPORATION.

> Injunction will not lie against the issuing of such bonds on the ground that taxation will have to be resorted to for their payment, when the act provides that the revenue derived from the sale of gas is to be applied to the payment of the principal and interest of said bonds.

On Application for Injunction.

*E. D. Potter, Jr., Doyle, Scott & Lewis,* and *Stevenson Burke,* for complainants.

*W. H. A. Read,* City Sol., *G. W. Kinney,* and *Brown & Geddes,* for defendants.

JACKSON, J. This is an action brought by Fellows and others, non-resident tax-payers of the city of Toledo, against the city of Toledo and its officers, to enjoin the defendants from executing and selling $75,000 of bonds issued by the city for the purpose of securing natural gas and piping the same to the city of Toledo, upon the ground that the act of the legislature authorizing such issue is unconstitutional. Application is made for a preliminary injunction.

Defendants urge that the bill fails to show necessary jurisdictional facts, in that it does not appear that any one of the complainants is interested to the extent of $2,000, and that different tax-payers cannot unite their several interests for the purpose of making up the jurisdictional amount. While the court is of the opinion that the real subject-matter of controversy is the validity of the obligation incurred by the entire issue of $75,000 of bonds rather than the separate interest of each complainant therein, still the question is one of such doubt that the court does not now decide it, and prefers to express no opinion thereon at this time. The application must therefore be decided upon the bill, answer, and affidavits. It should be said at the outset that the court has nothing whatever to do with the questions of the policy of such legislation or the manner of carrying out the same, or the benefits to be derived by the corporation therefrom. These are questions for legislative discretion and determination. The question for this court to determine is simply whether the act in controversy was a proper exercise of constitutional legislative power. The constitutionality of the act is denied because it is said to be a special act conferring

corporate powers; that it is special because the city of Toledo is the only city of the third grade of the first class in the state of Ohio, and the only city to which this act is or can be applicable. But this objection cannot be sustained. It is well settled by authority in Ohio that the classification of municipal corporations is valid, and that legislation which is applicable to a class is general, although there may be at that time but one city in that class. The act in question is equally applicable to all cities of the third grade of the first class, whether now belonging thereto or hereafter coming into that category. The answer denies the averment of the bill that Toledo is the only city of the state to which the act is or can be applicable, and it does not appear that it is the only city that is or can be a city of the third grade of the first class.

It is next insisted that the act is made to take effect upon the approval of some authority other than the general assembly. But the language of the act is otherwise. As a matter of fact, it is made to take effect and be in force from and after its passage. Moreover, it is an enabling act designed for those cities, which accept it in the manner and upon the conditions specified, and takes effect from the date of its passage. It stands upon the same basis precisely as general acts authorizing the creation of corporations.

The next and the main ground upon which the bill rests and the injunction is sought is that the supplying of municipal corporations and their citizens with natural gas is not a public purpose or use for which the taxing power which is necessarily involved can be properly exercised. It is urged that while the act authorizes the city to procure natural gas for its own use and for use in public buildings, etc., (which complainants concede would be a public use,) the main object and primary purpose of the act is to enable the city to supply its individual inhabitants with fuel for private use and consumption at a cheaper rate than they can obtain it from other sources; that such being, as complainants insist, the direct object and purpose of the act, the taxing power of the city cannot be constitutionally exercised for the attainment of such an object. In the first place, this is not, in the opinion of the court, a proper view to take of the legislation. The court would not be justified from a reading of the act in saying which was the primary object and purpose of the act, even assuming (what the court does not admit) that the supplying of private individuals with gas is a purely private advantage. It could just as well be urged that the primary object of the bill is to furnish gas for the city and the city buildings, etc., and that the supplying of the citizens was merely incidental thereto, as to urge that the primary object of the bill is to supply individuals, and that the furnishing of the city and city buildings, etc., is incidental. The act, upon its face, is not open to such splitting or subdivision. As a whole, it stands on the same footing as legislation for furnishing water and illuminating gas. It calls for the exercise of only the same powers as are constantly exercised by municipal corporations in supplying the city and its citizens with manufactured gas for illuminating purposes, and in furnishing water for public and private use. But even conceding that the primary

object of the act is to enable the city to supply its individual citizens with natural gas for fuel or illuminating purposes, the court is unable to say that the grant of such a power is in excess of the legislative authority. Unquestionably the legislature may authorize a city to furnish light, or facilities for transportation or water, to its citizens, with or without cost, as the legislature or city may determine. So long as the act is for the benefit of the public or the entire municipality, or all the citizens of the municipality, it does not lose its character as an act for a public purpose so as to become private in the sense that prevents the exercise of the power of taxation. The case of *Association* v. *Topeka,* 20 Wall. 655, is an illustration of an attempt to exercise the taxing power for a purely private purpose. The benefit was to one private individual, the bonds were issued to him by name, the aid was to him and his private business alone. But here the benefits and the aid are to the city in its public, corporate capacity, and to every inhabitant thereof equally and alike. The court is wholly unable to distinguish this act from those conferring power upon municipalities to acquire and operate gas-works and water-works, and in connection therewith to furnish gas and water to the individual inhabitants. And it is of no consequence whether this source of supply, either of gas or water, is wholly within or wholly without the corporate limits of the city. The question of public interest determines the question of right to supply gas and water, and not the mere location of the works or source of supply. In *Walker* v. *Cincinnati,* 21 Ohio St. 14, and in *Coke Co.* v. *Hamilton,* 37 Fed. Rep. 832, decided by the circuit court of the United States for the southern district of Ohio, it has been settled that the legislature of Ohio has authority under the constitution of that state to invest municipalities with such powers as are conferred by this act. Since the decision in *Sharpless* v. *Philadelphia,* 21 Pa. St. 147, it is no longer an open question whether municipalities may engage in enterprises such as the one contemplated by the act in question in this case. The court does not undertake to define the line which distinguishes public from private uses. Nor is it necessary or even possible to do so. It is enough to say that, in the opinion of the court, the act of January 22, 1889, authorizing the city of Toledo to issue bonds for natural gas purposes, is clearly within the general scope of legislative power, is for a public use and purpose, and is not in contravention of any of the provisions of the constitution. The court being of the opinion that the legislation is valid, it follows, of course, that the injunction applied for must be refused.

But even if these questions were open to doubt in the mind of the court, it does not follow that complainants would be entitled to an injunction, because it does not necessarily follow that taxation will have to be resorted to for the payment of these bonds. The act provides that the revenues derived from the sale of gas are to be applied to the payment of principal and interest of the bonds, and these revenues may be sufficient to meet the bonds without resort to taxation.

Injunctions are not granted in cases like the present, except where complainants' rights are clear, and where an injury more or less irrepa-

rable is likely to result to complainants unless the defendants are enjoined. In this case complainants' rights are not clear, and the injury likely to result to them is not shown to be irreparable or even serious. On the other hand, the allowance of an injunction would be attended with serious and possibly irreparable loss and damage to the city of Toledo.

Many other reasons might be given, but it is sufficient to say that the legislation in question is not open to the objections presented by the bill, and therefore complainants are not entitled to the injunction. It is accordingly denied.