## STOKES *v.* WALL, agent.

The granting by municipal authorities of a license to sell intoxicating liquors is not reviewable at the instance of a citizen and taxpayer who undertakes, as such, to sue out a certiorari for this purpose, when there is no provision of law authorizing him to contest the granting of such license or to become in any manner a party to the application therefor presented to the municipal body.

Submitted November 10,— Decided November 29, 1900.

Petition for certiorari.　Before Judge Butt.　Marion superior court.　January 25, 1900.

*Shipp & Sheppard*, for plaintiff.
*W. D. Crawford* and *J. J. Dunham*, for defendant.

FISH, J.　Stokes presented a petition for certiorari to the judge of the superior courts of the Chattahoochee circuit.　The petition alleged, that L. W. Wall, agent, applied to the mayor and council of the town of Buena Vista for a license to sell liquor therein; that Stokes appeared at the meeting of the town council when the license was granted, and objected to the granting of the same, upon the ground that Wall had not obtained the consent of two thirds of the citizen-freeholders of the town that a license be granted him; that Wall only had a "simple petition signed by several parties who were not bona fide freeholders." The council granted the license over Stokes's objection.　It was further alleged in the petition for certiorari, that the license was void, because it was granted at a called meeting of the town council, when no one authorized to do so had called the same, and that the meeting was presided over by the mayor pro tem. when the mayor himself was in town.　The judge refused to order the writ of certiorari to be issued; whereupon Stokes excepted, assigning error upon such refusal.

The act of February 9, 1877 (Acts of 1877, p. 151), provides, "That it shall not be lawful for the corporate authorities (the mayor and council, or other officers of said town) of the town of Buena

Vista, in the county of Marion, to grant a license to any person to sell intoxicating liquors within the corporate limits of the town of Buena Vista, unless the applicant for license shall, in addition to complying with all the requirements of the law as it now stands, present to said corporate authorities, to be filed in the office of the mayor of said town, the written consent to the granting of said license, signed by two thirds of the citizen-freeholders living within the corporate limits of said town ;" and " that any officer, or officers, of said town, violating the" foregoing provisions "shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished as prescribed in section 4310 of the Code of Georgia." It will be seen that there is no provision in this act, nor is there elsewhere in the law so far as we know, which authorizes any one to contest the granting of a license to sell intoxicating liquors by the corporate authorities of the town of Buena Vista, or to become, in any manner, a party to the application for such license. The general rule is, that courts will not review and correct the official action of public officers at the suit of private individuals who have no peculiar interest therein, nor will they be allowed to sue out writs of certiorari for that purpose. State *v.* Village of Lamberton, 37 Minn. 362; Conklin *v.* County Commissioners, 13 Minn. 454; Smith *v.* Yoram, 37 Iowa, 89 ; Iowa News Co. *v.* Harris, 62 Iowa, 501. In McCreary *v.* Rhodes & Silk, 63 Miss. 308, which is relied upon by counsel for plaintiff in error, it was held, that a qualified voter of a city who appears before the municipal authorities of such city some time after the filing of a petition for a license to retail liquor, but before final action thereon, and objects to the issuance of such license, thereby becomes connected with the proceedings sufficiently to enable him to prosecute a writ of certiorari to have the same reviewed. It will be seen, however, that section 1103 of the Code of Mississippi of 1880 provides that where a petition for license to retail liquor is filed, a counter-petition may be presented by one or more legal voters of the town wherein the license is sought.

Although Stokes alleged that he was a citizen and legal voter of the town, there was no pretense that he would be affected by the granting of the license otherwise than the other citizens and voters. If he had a right to appear at a meeting of the town council and object to a license being granted to an applicant therefor, and, upon his objection being disregarded, to sue out a writ of certiorari, every

other citizen and voter of the town had the same right; and to permit the official acts of the mayor and council to be interfered with in such manner would be intolerable, and contrary to all precedent so far as we know. The judge did not err in refusing to grant the writ.     *Judgment affirmed. All the Justices concurring.*