GEORGE W. CLARK V. INTERSTATE INDEPENDENT TELEPHONE
COMPANY.

FILED DECEMBER 21, 1904.   No. 13,680.

1. Cities: FRANCHISE: INJUNCTION. A taxpayer of a city cannot main-
tain a suit to prevent the city from granting a franchise to a
telephone company, unless the franchise constitutes such a
wrongful squandering or surrendering of the money or prop-
erty of the city that taxation will be increased thereby.

2. Franchise: FRAUD: REMEDY. The remedy to set aside a franchise
irregularly or fraudulently granted, where the party to whom
it has been granted is in the exercise of the privileges it confers,
is by *quo warranto* at the suit of the state, and not by an equitable
action at the suit of private parties.

ERROR to the district court for Douglas county: GEORGE
A. DAY, JUDGE. *Affirmed.*

*W. W. Morsman,* for plaintiff in error.

*W. C. Lambert* and *T. J. Mahoney, contra.*

OLDHAM, C.

Plaintiff as a taxpayer in the city of South Omaha
brought this action for the purpose of having a franchise
ordinance granted to the defendant by the mayor and
council of the city of South Omaha declared void, and to
have defendant restrained from proceeding under its fran-
chise and occupying the public streets and thoroughfares
of the city in the construction and installation of its tele-
phone system.   The petition is carefully drawn and quite
lengthy, setting up numerous alleged defects in the pro-
ceedings of the mayor and council, both in the passage of
the ordinance, and in the notice and conduct of a special
election called for the purpose of submitting such proposi-
tion to the voters of the city.   Defendant interposed a
demurrer to plaintiff's petition, which was sustained by
the trial court; and plaintiff refusing to further plead, his
petition was dismissed, and he brings error to this court.

There is no claim in the petition that any of the lines of the defendant company, or any poles erected in the construction of its lines, pass over, upon or near any streets upon which plaintiff's property abuts; or, in other words, there is no claim of any special injury to plaintiff or his property, which would not be shared by every other taxpayer of the city; nor is it alleged that any tax has been levied or any contract entered into by the city with the defendant company which would entail any liability against the taxpayers of the city. On the contrary, it clearly appears from the allegations of the petition that an annuity of $100 a year for the first five years of the franchise, and of $200 a year for the remaining five years, was exacted by the city council from the defendant company as a condition of the granting of the franchise for a period of 10 years. The ordinance alleged against in the petition makes no attempt to grant an exclusive franchise for the purposes therein specified to the defendant company, so that, if plaintiff has any right simply as a taxpayer to maintain this cause of action, it must be founded either on the proposition that the mayor and council of the city are without any original right or authority to grant the franchise under the charter and ordinances of the city, and that plaintiff and those for whom he sues will be injured by such grant; or that the franchise so granted is a property right held in trust for all the taxpayers of the city, which has been illegally dissipated by the ordinance alleged against. On the first proposition it is conceded and plainly made to appear by the charter and ordinances of the city that the mayor and council, under proper proceedings, had and have the right to grant the franchise. It is claimed, however, by the learned counsel for plaintiff in error, that the franchise right granted by the ordinances is the property of the city, which has been illegally disposed of by the ordinance alleged against. By the law governing the city of South Omaha (Laws, 1901, ch. 17, sec. 172), it is provided as follows:

"No new franchise shall hereafter be granted or any

extension or franchises heretofore granted, be lawful, unless an annuity to the city be provided, based upon either a fixed reasonable amount per year or a percentage of the gross earnings of such franchise."

Now, it is clear from the language of this statute that a sound discretion was intended to be reposed in the mayor and council of the city in determining the amount of the annuity to be required, and that the only limits bounding this discretion are that it must be "reasonable." There is no contention that the amount fixed for the annuity in the ordinance alleged against is unreasonable, or that it is a less amount than should have been exacted; but the contention is that, as the ordinance and the preliminary proceedings leading up to its adoption and passage were irregular and illegal, it stands as though no annuity whatever had been required. We do not think this position tenable, because it seems clear that the defendant company cannot accept a franchise from the city council providing for the payment of this annuity, and enjoy the benefits and immunities of the franchise, and then deny its liability for the payment of the annuity reserved, even if there had been irregularities in the passage of the ordinance. Consequently, plaintiff as a taxpayer is not threatened with additional liabilities by the passage of the ordinance, but, on the contrary, he will be aided by the amount of the annuity, which must be paid annually as a condition of the exercise of the franchise. Again, the franchise, as before pointed out, is not exclusive. Consequently, the storage basin of the city's franchise rights has not been lowered by this diversion.

It is true that this court has extended to the limits the right conferred upon a taxpayer on his own behalf to enjoin municipal or other public officers from squandering public funds, or entering into unauthorized and illegal contracts, which would by their nature increase the burden of taxation. We have also in proper cases permitted taxpayers to recover public moneys illegally squandered and dissipated by the wrongful acts of public officials; but all

these cases rest on the sound principle that each taxpayer has such an individual and common interest in public funds as to entitle him to maintain an action to prevent their unauthorized appropriation.

It seems to be well established, both on principle and by the authorities, that a private individual suing simply as a taxpayer must show something more than a mere speculative or theoretical wrong, which has resulted or will result from a mere illegal act of a city council, to entitle him to equitable relief. It is not enough that the act alleged against is simply illegal, but it must also appear that the illegal act will result in the invasion or destruction of a distinctive right belonging to the party maintaining the action, or to the body of citizens for whom he sues. Injunction by a taxpayer is not the remedy to test the usurpation of a franchise by a corporation. In Linden Land Co. v. Milwaukee Electric R. & L. Co., 107 Wis. 493, it was held in a most careful and exhaustive opinion, by Winslow, J., that a taxpayer of a city cannot maintain a suit to prevent the city from granting a franchise to a street railway, unless the franchise constitutes such a wrongful squandering or surrendering of the money or property of the city that taxation will be increased thereby. Again, in Stedman v. City of Berlin, 97 Wis. 505, 73 N. W. 57, it was held:

"The remedy to set aside a franchise irregularly or fraudulently granted, where the party to whom it has been granted is in the exercise of the privileges it confers, is by quo warranto or scire facias at the suit of the state, and not by an equitable action at the suit of private parties."

It seems to us that, even if, as contended by plaintiff, the ordinance granting the franchise was illegal and improperly enacted, the proper remedy to determine this question is by the high prerogative writ of quo warranto, and not by an injunction at the suit of a private citizen and taxpayer to restrain the exercise of the franchise. 1 Clark and Marshall, Private Corporations, 207; People v. Utica Ins. Co., 8 Am. Dec. 243; 2 Dillon, Municipal Cor-

porations (4th ed.), sec. 844. We therefore conclude that the learned trial judge was right in sustaining the demurrer to plaintiff's petition, and we recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.