## STATE EX REL. HAGEN v. ANDERSON, County Auditor.

### (132 N. W. 433.)

**Statutes — uniformity — special privileges — payment for bridge.**

Section 3013, Rev. Codes 1905, which provides that "the county treasurer of each county wherein any city or municipal corporation shall have constructed a bridge, or shall hereafter construct a bridge, over any navigable stream, shall pay to the city treasurer of such city or municipality whereby such bridge has been constructed, or is about to be constructed, all money in the county treasury or which may come into the county treasury, in the bridge fund of such county, which may have been or shall be levied, assessed, and collected from persons and property, or either, in said city or municipality," construed, and *held* to be a valid enactment.

Opinion filed September 6, 1911.

Appeal from District Court, Grand Forks county; *Chas. F. Templeton,* J.

Application by the State, on the relation of T. J. Hagen, for writ of
22 N. D.—5.

mandamus against Hans Anderson, auditor of Grand Forks county. From a judgment awarding the writ, defendant appeals.

Affirmed.

*O. B. Bertness* and *B. G. Skulason,* for appellant.

*J. B. Wineman,* for respondent.

FISK, J. A peremptory writ of mandamus was awarded to the relator by the district court, commanding defendant to issue and deliver to relator warrants upon the county treasurer for certain moneys collected and held by Grand Forks county for road and bridge taxes on persons and property within the city of Grand Forks. The appeal is from the judgment awarding such writ. The facts are stipulated, and the sole defense urged is the alleged unconstitutionality of § 3013, Rev. Codes 1905, under the provision of which relator bases his claim to a portion of such moneys. This section is as follows: "The county treasurer of each county wherein any city or municipal corporation shall have constructed a bridge, or shall hereafter construct a bridge, over any navigable stream, shall pay to the city treasurer of such city or municipality whereby such bridge has been constructed or is about to be constructed, all money in the county treasury, or which may come into the county treasury, in the bridge fund of such county, which may have been or shall be levied, assessed, and collected from persons and property, or either, in said city or municipality."

It is the appellant's contention that this statute contravenes the following sections of the state Constitution: Section 11 providing that "all laws of a general nature shall have a uniform operation;" section 20 providing, among other things, "nor shall any citizen or class of citizens be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens;" § 69 providing that "the legislative assembly shall not pass local or special laws in any of the following enumerated cases, that is to say. . . . 23. For the assessment or collection of taxes." Such contention cannot be sustained. Said statutory provision is not vulnerable to attack on any of the enumerated grounds. The facts bring the case within the rules enunciated in the following, among many like, decisions: People ex rel. Springfield v. Power, 25 Ill. 189; Seabold v. Northumberland County, 187 Pa. 318, 41 Atl. 22; Lewis v. Board of Education, 66 N.

J. L. 582, 50 Atl. 346; Marmet v. State, 45 Ohio St. 63, 12 N. E. 463; Condon v. Maloney, 108 Tenn. 82, 65 S. W. 871; Codlin v. Kohlhousen, 9 N. M. 565, 58 Pac. 499; Re Connolly, 17 N. D. 546, 117 N. W. 946, and cases cited; Wheeler v. Philadelphia, 77 Pa. 338; Louisville School Board v. Superintendent of Public Instruction, 102 Ky. 394, 43 S. W. 718; Fellows v. Walker (C. C.) 39 Fed. 651; Schintgen v. La Crosse, 117 Wis. 158, 94 N. W. 84; Billings v. Illinois, 188 U. S. 97, 47 L. ed. 400, 23 Sup. Ct. Rep. 272; Gilson v. Rush County, 128 Ind. 65, 11 L.R.A. 835, 27 N. E. 235; Johnson County v. Johnson, 173 Ind. 76, 89 N. E. 590; State ex rel. Terre Haute v. Kolsem, 130 Ind. 434, 14 L.R.A. 566, 29 N. E. 596.

We are in full accord with the reasoning and conclusions of these courts, and applying the principles thus firmly established to the facts in the case at bar necessitates an affirmance of the judgment appealed from.

Affirmed.