## RICE *v.* CITY OF INDIANAPOLIS ET AL.

[No. 22,706. Filed April 22, 1915.]

1. CORPORATIONS.—*Contracts With Public Utility for Lighting.— Statutes.*—Under §41 of the Public Utilities Act (Acts 1913 p. 167, §10052e2 Burns 1914) providing that every public utility shall file a schedule of rates which have been established by it for any service performed within the State, the initial rate is to be fixed by the filing of the schedule of rates with the Public Service Commission, and it is immaterial whether the rates set out in such schedule are fixed by agreement, or by the utility company proposing to render the service; and, where a proper rate is fixed by the utility company for furnishing light to a municipality and a schedule containing the same is filed, the contract of the municipality assenting to such rate prior to the filing of the schedule would not invalidate it. p. 205.

2. MUNICIPAL CORPORATIONS.—*Contracts With Public Utility for Lighting.—Taxpayer's Suit to Enjoin Performance.—Complaint.* —A complaint speaks as of the date of its filing; hence, even if a taxpayer of a city may enjoin the performance of a contract for public lighting which obligates the city to pay for light furnished contrary to the provisions of §47 of the Public Utilities Act (§10052u1 Burns 1914, Acts 1913 p. 167) making it unlawful for any public utility to charge, demand, collect or receive any tolls or charges not specified in its schedule of rates filed with the Public Service Commission, a complaint in such an action alleging the execution of a contract to furnish light to a city for a period beginning at a time subsequent to the filing of the complaint, and that no rate for such service had been established in the schedule of rates filed by the company, was insufficient in the absence of a showing therein that it was the intention of the company to charge and collect, and of the city to pay, a rate not covered by a schedule properly on file when the service was furnished. pp. 206, 207.

3. PLEADING.—*Demurrer.—Admissions.*—A demurrer admits the truth only of facts well pleaded. p. 206.

4. MUNICIPAL CORPORATIONS.—*Actions by Taxpayers.—Right to Maintain.*—A taxpayer suing to enjoin a city and a light company from carrying out a contract for public lighting has no interest in the contract except in so far as its performance will affect the public treasury of the city, and where he fails to show that the public funds are in danger of being illegally dissipated, he fails to state a cause of action. p. 207.

5. MUNICIPAL CORPORATIONS.—*Contracts with Public Utility for Lighting.—Rights of Private Consumer.*—The rights of a private

consumer of electric current can not be affected by the contract of a municipality with a lighting company for furnishing light to the city, entered into prior to the filing of a schedule including the rate to be charged, since the rates can be only such as may be fixed by the Public Service Commission, and the presumption obtains that they will be reasonable and fair to all.  p. 207.

From Marion Circuit Court (23,974); *Charles Remster,* Judge.

Action by Herbert H. Rice against the City of Indianapolis and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*A. N. Thompson, Elmer E. Scott* and *F. Winter,* for appellant.

*Wm. A. Pickens, Charles McPherson, John B. Elam, Harvey J. Elam* and *J. W. Fesler,* for appellees.

LAIRY, J.—Appellant brought this suit to enjoin appellee, city of Indianapolis, from carrying out a contract with appellee, Merchants Heat and Light Company, entered into on April 25, 1914, for the lighting of the streets and public buildings of the city. The trial court sustained a demurrer to the complaint and this ruling presents the only question for consideration on appeal.

In each paragraph of complaint it is averred that appellees, on April 25, 1914, entered into a contract by the terms of which appellee company agreed to furnish the city electric lighting and power for a ten-year period commencing April 1, 1915, on condition that the common council of appellee city should ratify the contract; that the same was so ratified on June 14, 1914. A copy of the contract is exhibited and provides for lighting the streets and public places of the city and furnishing electric current for power in public places at specified rates. It also shows that appellee, Merchants Heat and Light Company, is a corporation engaged in furnishing heat and light to the public in the city of Indianapolis and that it surrendered its franchise

and accepted in lieu thereof the indeterminate permit as provided by the Public Utilities Act.

All parties to this litigation agree that, under the statutes of this State as they existed prior to the enactment of the Public Service Commission Statute, the city had

1. power to enter into a contract such as the one assailed by this proceeding, but it is the claim of appellant that the provisions of the later statute are inconsistent with the right or power on the part of a public service corporation to make any contract with reference to service. Appellees concede in their brief that the Public Service Commission has power to change and regulate the service rates which may be charged for service rendered by a public utility operating under an indeterminate permit, but they claim that the initial rate may be fixed by contract and that the rate so fixed is valid and may be enforced until such time as it may be changed by the Public Service Commission, either upon its own initiative or upon complaint as provided in §57 of the Public Utilities Act. §10052e2 Burns 1914, Acts 1913 p. 167. Section 41 of this act (Acts 1913 p. 167, §10052o1 Burns 1914), provides that every public utility shall file with the commission, within a time to be fixed by such commission, schedules which shall be open to public inspection showing all rates, tolls and charges which have been established by it and which are enforced at the time, for any service performed by it within the State. From the provisions of this section, it is clear that the initial rate is to be fixed by the filing of the schedule of rates with the Public Service Commission, and it can make no possible difference whether the rates set out in this schedule are fixed by agreement or whether they are fixed by the utility company proposing to render the service. If a proper rate is fixed by the utility company and a schedule containing such rate is filed with the commission, the contract of the municipality by which it assents to such rate would not in-

validate it. It does not appear that appellee company had furnished services of this character prior to January 1, 1913, or that it had in force on that date any rates covering service of the character provided for in the contract, and hence no question can arise under that portion of this section which provides that the rates, tolls and charges shown on such schedules shall not exceed, without the consent of the commission, the rates, tolls and charges in force January 1, 1913.

2. The complaint alleges that before the contract was made, the Merchants Heat and Light Company filed with the Public Service Commission of Indiana a schedule of its rates for electric current for light and power to be furnished to its consumers including those making use of such current in the city of Indianapolis. The complaint also contains allegations showing the character of service which was to be furnished under such contract, and an examination of the schedule set out in the complaint shows that no rates are fixed in the schedule for service of the character provided in the contract. Section 47 of the Public Utilities Act (§10052u1 Burns 1914, Acts 1913 p. 167), provides that it shall be unlawful for any public utility to charge, demand, collect or receive a greater or less compensation for any service performed by it within the State, than is specified in such printed schedules as may at the time be in force; or to collect, demand or receive any rates, tolls or charges not specified in such schedule. Appellant claims that under this section unless appellee utility company shall have filed with the commission a schedule of street lighting rates, it cannot lawfully make any charge for such service, and that appellant as a taxpayer may enjoin the performance of any contract which would obligate the city to pay for such services. Noble v. Davison (1912), 177 Ind. 19, 96 N. E. 325. We are of the opinion that the record here does not present the question.

3. A demurrer admits the truth only of facts well

pleaded. If it be conceded that under no circumstances can a public utility corporation make a lawful charge for service unless such service is specified and the rate thereof fixed by schedule on file at the time, still, it must be remembered that a complaint speaks as of the date of its filing.

It is alleged that the schedule set out in the complaint was filed before the contract in question was made and that it had not been changed at the time the complaint was filed. The complaint was filed on June 12, 1914, and no service was to be furnished thereunder until April 1, 1915. The law contemplates that a schedule of rates covering the service to be furnished shall be on file at the time the service is performed and the rates charged and collected. The complaint does not charge that it was not the purpose of the Merchants Heat and Light Company to file a schedule covering the character of service to be furnished to the city before furnishing such service, or that it was the intention or purpose of such utility company to charge and collect, and of the city to pay, a rate for service furnished to such city not covered by a schedule properly filed at the time such service was furnished. The right of a taxpayer to enjoin a municipality from illegally paying out funds raised by taxation is not presented for the reason that the allegations of the complaint in this case are not sufficient to show that the payments contemplated would be unlawful when made.

It is asserted by appellant that the contract is void in its entirety and that the other provisions therein contained can not be enforced. As a taxpayer, appellant has no interest in the contract except in so far as its performance will affect the public treasury of the city, and having failed to show by proper allegations that any of the public funds are in danger of being illegally dissipated, the first paragraph of complaint fails to state a cause of action. If appellee company is permitted to collect only such rates as are fixed by the Public

Service Commission and the city is permitted to pay only such rates, appellant's rights as a private consumer of current will not be affected as the presumption obtains that the rates will be reasonable and fair to all concerned. For this reason the second paragraph of complaint fails to state facts sufficient to constitute a cause of action in favor of appellant as a private consumer.

The trial court did not err in sustaining the demurrer to the complaint. Judgment affirmed.

NOTE.—Reported in 108 N. E. 584. As to power of municipalities to furnish light, see 30 Am. St. 225. On the right of taxpayer in absence of statute to enjoin unlawful expenditure by municipality for lighting, see 36 L. R. A. (N. S.) 20. See, also, under (1) 15 Cyc. 468, 20 Cyc. 1165; (2) 28 Cyc. 1747; 31 Cyc. 102; (3) 31 Cyc. 333; (4) 28 Cyc. 1747, 1736; (5) 28 Cyc. 1738; 15 Cyc. 468; 20 Cyc. 1165.