McCLOY *et al.* v. CHRISTIAN, Commissioner.

No. 16979. FEBRUARY 16, 1950. REHEARING DENIED MARCH 15, 1950.

*Mitchell & Mitchell, A. S. Barger,* and *H. E. Mitchell,* for plaintiffs.

*M. L. Harris* and *Gleason & Painter,* for defendants.

ALMAND, Justice. In the petition as amended, John F. Mc-Cloy et al., as citizens, taxpayers, and property owners, seek by equitable petition to enjoin Tom W. Christian, as Commissioner of Roads and Revenues of Catoosa County, from doing in his official capacity certain acts which are claimed to be illegal. These acts are: (a) The defendant in his official capacity has entered into a contract with the War Assets Administration of the United States to purchase a waterworks and sewerage system. The contract referred to is attached to the petition, and shows that the defendant, acting as commissioner and on behalf of Catoosa County, agreed to buy from the United States of America the water-distribution system and sanitary-sewerage system at Fort Oglethorpe, Georgia, for a consideration of $10,000 for the waterworks system and $1 for the sewerage system. It was stated in this agreement that Catoosa County "agrees to expend the sum of $50,000 on the improvement and extension, acquisition and rehabilitation of said system." Exhibit B attached to the petition is a copy of a quitclaim deed dated March 25, 1947, from the United States of America to the County of Catoosa, conveying the waterworks and sewerage systems referred to in the agreement for a cash consideration of $10,000. It is alleged that the defendant paid $10,000 from the "Catoosa County Water Revenue Certificates and Sinking Fund," and that it was not such a debt as the defendant had the right to levy taxes in order to repay, and there has been no election by the people for the purpose of authorizing the creation of such debt, and the use of the money in said fund violated art. 7, sec. 8,.

par. 1 of the Constitution of Georgia (Code, Ann. § 2-6101). (b) It was further alleged that the agreement of Catoosa County to expend an additional $50,000 for extensions and improvement of the waterworks system "is not such an expenditure for which taxes can be levied and collected by the county to pay, and is therefore illegal and void," and violative of the constitutional provision above referred to. (c) It is alleged that on May 10, 1949, the defendant, by resolution, authorized the issuance and sale of certain water-revenue certificates, and that the defendant is now seeking to issue and have validated revenue certificates for the purpose of making improvements and extensions of the waterworks system; it being asserted that the defendant does not have authority to use any of the money arising from sale of the revenue certificates for the purpose of paying the purchase-price of the waterworks system, and the use of same would be illegal and contrary to said resolution, and would be violative of art. 7, sec. 7, par. 1 of the Constitution of Georgia (Code, Ann. § 2-6001). The prayers were that the loan of $10,000, illegally borrowed from the Catoosa Water District, be declared void and of no effect, and that the defendant be enjoined from: (a) paying to the said water district the $10,000 "thus illegally borrowed from it;" (b) offering for sale or selling the revenue certificates provided for under the resolution of May 10, 1949; (c) using any money arising from the sale of said revenue certificates for the purpose of paying the illegal debt referred to in the petition; (d) levying a tax for the current year or in any other year to pay back the sum of $10,000 to the Catoosa County Water District, or (e), to raise the sum of $50,000 to use in compliance with the terms of the contract marked Exhibit "A".

The general demurrer of the defendant was sustained by an order, which reads in part as follows: "The court having required the plaintiffs to file an amendment to set up whether or not they contend that a tax has been or will be levied by the tax levying authority of Catoosa County for the purpose of paying an alleged debt of $50,000 or any part thereof, and counsel for plaintiffs having stated in open court that they decline and refuse to make such an amendment, it is ordered and con-

sidered by the court that general demurrer of the defendant be and the same is sustained, and said petition is hereby dismissed." This judgment was correct.

As to the allegations with respect to the payment of the $10,000 which was taken from the Catoosa Waterworks fund to purchase the waterworks system, there are no allegations that the defendant has bound the county to pay this sum, or is making any effort to repay the same out of current funds, or has levied any tax for such purpose, or that he has threatened or attempted to do so. As to the contention that the defendant has created a debt against Catoosa County by reason of the agreement contained in the contract for purchase of the waterworks and sewerage systems, whereby it is stipulated that Catoosa County will expend $50,000 in extension and rehabilitation of the system, it is not alleged that this contract has ever been placed upon the minutes of the county (Code, § 23-1701; *Killian* v. *Cherokee County*, 169 *Ga.* 313 (2c), 150 S. E. 158); and even if it be construed as a binding contract to do something in the indefinite future, there are no allegations that the defendant has done any act to commit the county to pay this sum or any part of the same out of county funds, or that, in the event this system is extended or improved, the cost of the same will be made by a future levy of taxes. As to the allegation that the defendant proposes to use the proceeds from the sale of revenue certificates provided for under the resolution of May 10, 1949, for the purpose of paying the cost of making improvements and extensions of said system, and should be restrained from issuing and selling such certificates, counsel for the plaintiffs in error concede that the judgment validating the bonds issued under this resolution is binding on the plaintiffs in error, and that the decision in the case of *Town of Fort Oglethorpe* v. *Catoosa County*, 80 *Ga. App.* 188 (55 S. E. 2d, 753), forecloses their right to enjoin the issuance and sale of these certificates. However, they insist that the petition does set forth sufficient facts to entitle them to an injunction against the defendant's use of any money arising from the sale of the water-revenue certificates, or from the collection of water fees, to pay the amount of the alleged indebtedness of $10,000 to the

water fund, and from using said funds to extend the waterworks system. There are no specific allegations that the defendant has threatened to, or will unless restrained, pay any of said funds on such alleged indebtedness, nor does it appear that, if such funds were used in the manner charged, the same would injure the plaintiffs in any manner. The plaintiffs are suing only as taxpayers, and "even if some of the proposed acts would be unauthorized, the plaintiffs as citizens and taxpayers would not be entitled to enjoin their performance without showing damage. 'A court of equity will not, at the instance of a taxpayer as such, enjoin an ultra vires municipal act the doing of which can in no wise injuriously affect him.' *Blanton* v. *Merry,* 116 *Ga.* 288 (42 S. E. 211)." *Miller* v. *Head,* 186 *Ga.* 694, 715 (198 S. E. 680).

The petition totally lacking essential allegations to authorize the equitable relief prayed, there was no error in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur.*