18404.   GULLEDGE *et al. v.* AUGUSTA  COACH  COMPANY
*et al.*

ARGUED  NOVEMBER  9,  10,  1953—DECIDED  JANUARY  11,  1954—REHEARING
DENIED  FEBRUARY  11,  1954.

*Randall Evans, Jr.,* for plaintiffs in error.

*Harris, Chance & McCracken, Edwin D. Fulcher, Fulcher, Fulcher & Hagler,* contra.

WORRILL, Justice. The petitioners are suing as citizens and taxpayers. Ordinarily, only parties having an interest in the subject matter of the franchise are entitled to complain of the grant of a franchise to a public-service corporation by a city council. See, in this connection, *Palmer* v. *Atlantic Ice & Coal Corp.,* 178 *Ga.* 405, 414 (173 S. E. 424); 44 C. J. 1381, § 4560, note 79; 64 C. J. S. 948, § 2135, note 54; Clark *v.* Interstate Independent Telephone Company., 72 Neb. 883 (101 N. W. 977); Warden *v.* City of Elroy, 162 Wis. 495 (156 N. W. 466). Even if some of the acts complained of were unauthorized, the petitioners as citizens and taxpayers show no such interest as would entitle them to enjoin their performance. *Blanton* v. *Merry,* 116 *Ga.* 288 (42 S. E. 211); *Miller* v. *Head,* 186 *Ga.* 694, 715 (198 S. E. 680); *McCloy* v. *Christian,* 206 *Ga.* 590, 593 (58 S. E. 2d 171).

Thus the question arises as to whether the alleged use of public funds in the present case would entitle the petitioners, suing as citizens and taxpayers, to the relief prayed. The paramount duty of government, as stated in our State Constitution, is the protection of persons and property. Code (Ann.) § 2-102. In Code § 69-203 it is declared that "The council or other governing body of a municipality has a discretion.in the management and disposition of its property, and where it is exercised in good faith, equity will not interfere therewith."

Applying the above principles, the allegations of the amended petition—to the effect that the city was employing extra policemen and expending large sums of money to protect the property of the coach company during an emergency brought about by a strike—were insufficient to show such abuse of discretion as would entitle the petitioners, suing as taxpayers, to the injunctive relief prayed for.

However, counsel for the petitioners insist that, irrespective of whether abuse of discretion was alleged, they had a right to bring the present action under Code § 68-632, which provides that a motor common carrier operating without having registered his vehicles may be enjoined "at the suit of the [Georgia Public Service] Commission, or at the suit of a motor carrier or rail carrier which competes with it, or any individual." Under a proper construction, the words "or any individual" mean any other person having an interest in the subject matter, such as any individual who competes with the common carrier, and would not authorize the grant of an injunction at the instance of individuals whose only interest is as citizens and taxpayers.

Accordingly, the trial judge did not err in sustaining the general demurrers to the amended petition, and in dismissing the action. In this view it becomes unnecessary to pass upon the constitutionality of the franchise and the ordinances connected therewith.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*