20525. HEAD *et al. v.* BROWNING *et al.*

HAWKINS, Justice. T. Grady Head, Charles D. Thompson, Jr., G. H. Doyle, and Fred M. McCord, alleging themselves to be citizens, residents, and taxpayers of the City of Atlanta, and members of the Peachtree Road Methodist Church, located in the same vicinity as the proposed liquor store referred to in the petition, brought their petition against Rodney Ingram Browning, as an individual, and Dixon Oxford, as Revenue Commissioner of the State of Georgia, seeking to restrain and enjoin the defendant Browning from operating a retail liquor store at a described location in the City of Atlanta, upon the ground that he had no valid city license to operate such a business, and to restrain and enjoin the defendant State Revenue Commissioner from issuing to the defendant Browning a State liquor license, because, as alleged, he was without authority of law to do so; and that to issue such a State license would be an illegal act upon his part because defendant Browning had no valid city license, the existence of which is a condition precedent to the issuance of a valid State liquor license. The petition as amended is

in six counts, alleging various reasons why the plaintiffs claim the defendant Browning's city liquor license is null and void, and with some of which we will deal specifically in the opinion. To the judgment sustaining the defendants' general demurrers and dismissing the petition the plaintiffs except. *Held:*

1. It is insisted by counsel for the defendant Browning that, since the State Revenue Commissioner has now issued a State license to the defendant Browning, this case is now moot. With this contention we cannot agree. During the pendency of the bill of exceptions in this court, and before the issuance of any license by the State Revenue Commissioner, counsel for the plaintiffs applied for a supersedeas, and counsel for the defendant Browning, in opposing the grant of a supersedeas, stated in their brief: "The grant of a supersedeas in this case by this court would not preserve this court's jurisdiction, but to the contrary would render the case moot and be a defeat for defendants in error despite the fact that the petition has been held not to state a cause of action. Affirmance of the trial court by this court thereafter could avail defendants in error nothing." This argument was based upon an ordinance of the City of Atlanta, dated February 18, 1959, providing that, unless the holder of a city license began operation of the business within nine months from August 20, 1958, the license would be void, and that, under that ordinance, the defendant Browning had only until May 20, 1959, within which to obtain his State license and begin operation. These same counsel, after the supersedeas was denied by this court, now argue that "The issue of enjoining the Revenue Commissioner is now moot and the court should so hold." We do not subscribe to this reasoning. The Revenue Commissioner in his brief in this court says: "When and if Browning's city license is adjudicated invalid, the State Revenue Commissioner stands ready to be governed by that adjudication." In *Haley* v. *Bailey,* 199 *Ga.* 486 (34 S. E. 2d 685), another liquor-license case, no supersedeas was granted, and the city commissioners passed a resolution providing that, "In compliance with and obedient to an order of the Superior Court of Dougherty County, Georgia, . . . the liquor license granted to Frank S. Leggett to operate a retail liquor store at 312 South Monroe Street, Albany, Georgia, is hereby rescinded and revoked. If the Supreme Court of Georgia reverses said order or grants a supersedeas in said case, said

license shall be automatically reinstated." This court there held "that the questions involved in the case are not moot, but must be decided." If the judgment here complained of should be reversed on the ground that the renewed city licenses issued to the defendant Browning for the years 1958 and 1959 were invalid because based upon a purported renewal of an invalid 1957 city license and that the State Revenue Commissioner had no authority to issue a State license because the applicant was not a duly licensed liquor dealer holding a valid city license, this would render nugatory the subsequent license granted by the State Revenue Commissioner, and under the allegations of the petition and the prayer of the plaintiffs for general relief, the court would be authorized to so hold. *Bowers* v. *Dolen,* 187 *Ga.* 653 (5) (1 S. E. 2d 734); *Matson* v. *Crowe,* 193 *Ga.* 578 (4) (19 S. E. 2d 288). Therefore the case is not moot. *Hagans* v. *Excelsior Electric Membership Corp.,* 207 *Ga.* 53 (60 S. E. 2d 162); *Robertson* v. *Temple,* 207 *Ga.* 311 (61 S. E. 2d 285); *Ford Motor Co. v. Abercrombie,* 207 *Ga.* 464 (62 S. E. 2d 209); *Peoples Bank* v. *Fidelity Loan & Trust Co.,* 155 *Ga.* 619 (117 S. E. 747).

2. While it has been held by this court that the illegal sale of intoxicating liquors is a public nuisance, and may be abated by process instituted in the name of the State (*Lofton* v. *Collins,* 117 *Ga.* 434, 43 S. E. 708, 61 L.R.A. 150), and that the general rule of law is that an action to enjoin a public nuisance and the violation of a penal statute will not be granted at the instance of a private citizen unless he has sustained special injury (*O'Brien* v. *Harris,* 105 *Ga.* 732, 31 S. E. 745; *American Legion* v. *Miller,* 183 *Ga.* 754, 189 S. E. 837), the petition in the instant case is not merely an effort to enjoin the alleged illegal operation of a liquor store, but is one attacking the validity of a city license held by the defendant Browning, and to restrain and enjoin the defendant State Revenue Commissioner, a public officer, from committing the alleged unlawful act of issuing a State liquor license to the defendant Browning in violation of a public duty. Counsel for the defendants in error cite and rely upon the decisions of this court in *Stokes* v. *Wall,* 112 *Ga.* 349 (37 S. E. 383); *Blanton* v. *Merry,* 116 *Ga.* 288 (42 S. E. 211), which hold that a court of equity will not, at the instance of a taxpayer and citizen as such, enjoin an ultra

vires or unauthorized act by a municipal or State officer without a showing that it will injuriously affect or damage him in some particular way not applicable to the public generally. Each of these decisions was rendered prior to the adoption by the legislature of the Code of 1933. The effect of the adoption of the Code of 1933, with § 64-104 included therein, was to enact into one statute all the provisions embraced in that Code. *Central of Ga. Ry. Co.* v. *State of Ga.*, 104 *Ga.* 831 (2) (31 S. E. 531, 42 L.R.A. 518); Ga. L. 1935, p. 84 (Code, Ann. § 102-101); *Reardon* v. *Bland*, 206 *Ga.* 633, 638 (58 S. E. 2d 377). The following decisions, rendered after the adoption of the Code of 1933, which announce and apply the rule relied on by counsel for defendants in error, to wit, *Miller* v. *Head*, 186 *Ga.* 694, 715 (198 S. E. 680), *McCloy* v. *Christian*, 206 *Ga.* 590, 593 (58 S. E. 2d 171), *Ellis* v. *City of Hapeville*, 203 *Ga.* 364, 368 (47 S. E. 2d 265), *Gulledge* v. *Augusta Coach Co.*, 210 *Ga.* 377, 379 (80 S. E. 2d 274), make no reference to Code § 64-104, and it was evidently overlooked. *Lester* v. *Foster*, 207 *Ga.* 596, 598 (63 S. E. 2d 402). In *Moore* v. *Robinson*, 206 *Ga.* 27, 36 (55 S. E. 2d 711), which was a proceeding to enjoin public officers from committing an alleged unlawful act, it was unanimously held: "Where the question is one of public right and the object is to procure the enforcement of a public duty, no legal or special interest need be shown, but it shall be sufficient that plaintiff is interested in having the laws executed and the duty in question enforced." This is a quotation of Code § 64-104, which is found under the Chapter of the Code dealing with mandamus, and was codified following the ruling made by this court in the mandamus case of *Board of Commissioners of Manchester* v. *Montgomery*, 170 *Ga.* 361 (153 S. E. 34); but the principle there announced is not confined to mandamus cases. It will be noted that this Code section omits that portion of the ruling in the *Montgomery* case, supra, confining its application to mandamus cases, and leaves it as a general rule applicable in all instances where the question is one of public right and the object is to procure the enforcement of a public duty. In *Irwin* v. *Crawford*, 210 *Ga.* 222, 224 (78 S. E. 2d 609), Mr. Presiding Justice Wyatt, speaking for this court, said: "This court has many times recognized the right of a taxpayer to apply to a court of equity to prevent public officers

from taking action or performing acts which they have no authority to do," and " 'There is no doubt but that equity will exercise jurisdiction to restrain acts or threatened acts of . . . public officers . . . which are ultra vires and beyond the scope of their authority, outside their jurisdiction, unlawful or without authority.' " See also *Ga. Power Co. v. Ga. Public Service Comm.*, 211 *Ga.* 223, 230 (85 S. E. 2d 14), and the cases there cited; *Cravey v. Southeastern Underwriters Assn.*, 214 *Ga.* 450, 459 (105 S. E. 2d 497); *Floyd v. Thomas*, 211 *Ga.* 656 (87 S. E. 2d 846); *Bagby v. Bowen*, 180 *Ga.* 214 (178 S. E. 439).

3. Count 3 of the petition as amended alleges that section 22.32 of the Code of General Ordinances of the City of Atlanta provides that, whenever the State shall revoke any retail liquor license, the city license held by such licensee shall thereafter be automatically revoked without any action by the municipal authorities; and that section 22.34 of said ordinances provides that, "In the event the applicant is denied a license by the State, upon the proof of such refusal, he shall be entitled to a refund of the license fee, less a charge of ten dollars to cover clerical costs of granting the license. Such refund may be made by the Comptroller without the necessity of any action by the Mayor and Board of Aldermen." It is alleged that, following the issuance by the city to defendant Browning of a retail liquor license on August 6, 1957, the then State Revenue Commissioner, on September 17, 1957, denied the issuance of a State license to the defendant Browning, and that Browning has not since then obtained any State license, thereby rendering the city license granted August 6, 1957, null and void. The petition further alleges, in count 2, that, under section 22.30 of the city ordinances, it is provided that a city license shall be a mere grant or privilege to carry on business during the term of the license, subject to all terms and conditions imposed by that chapter, or future ordinance, and subject to revocation with or without cause and with or without notice or hearing; that, on August 20, 1958, the Mayor and Aldermen of the City of Atlanta adopted an ordinance providing that all holders of licenses for the retail sale of liquor must within six months after the issuance of said license open for business the establishment referred to in the license and begin business, and that a failure to do so shall serve as an automatic forfeiture

and cancellation of the unused license; that the defendant Browning has never, since the issuance of the original license on August 6, 1957, opened or operated the business therein authorized; and that, for this additional reason, said license was and is void; and that the amendment of this ordinance by one adopted on February 16, 1959, and approved February 18, 1959, extending the time within which a dealer must begin business from six to nine months was inoperative to revive the license issued in 1957. The amendment to count 1 of the petition further alleges that section 22.53 of the Code of Ordinances provides: "It shall not be necessary for any retail dealer in intoxicating liquors to make application for a permit for the renewal of an existing license," and provides that the renewal may be issued by the clerk upon the payment of the prescribed fee. It is alleged that, under the terms of this ordinance, before one is entitled to a renewal license, he must have a valid existing license and that, in order to apply for a renewal, he must be a retail dealer; that Browning never had an existing license for the reasons above stated; and that he was not a retail dealer at the time the purported renewal licenses for 1958 and 1959 were issued, because he had never obtained a State license, and that the purported renewals for 1958 and 1959 were likewise null and void; that, this being true, the State Revenue Commissioner was without authority at law to issue a State license to Browning under Code (Ann.) § 58-1031, which provides that no license shall be granted by the Revenue Commissioner until the applicant has exhibited a license granted by the municipality, if the place of business to be conducted is within the corporate limits of a municipality. While the petition contains many other allegations, we do not deem it necessary to deal with them specifically.

The foregoing allegations are sufficient to state a cause of action to have the city license and the purported renewals thereof issued to the defendant Browning and the State license issued by the defendant Revenue Commissioner declared void; and in *Ferguson* v. *Randolph County*, 211 *Ga.* 103, 109 (84 S. E. 2d 70), it is said: "A general demurrer to an equitable petition will not be sustained if the facts alleged entitle the plaintiff to any of the substantial relief prayed for, and should be overruled if any part of the pleading is good in substance."

4. The allegations of the petition as amended—that the defendant Browning is erecting a building for the purpose of using the same for the sale of liquor at retail, that the State Revenue Commissioner stated to counsel for the plaintiffs prior to the filing of the present suit that, if he were presented with a City of Atlanta liquor license which appeared legal on its face, upon application of the defendant Browning he would deny plaintiffs a hearing with respect thereto, and would as a matter of course issue the State license upon payment by the defendant Browning of the fee therefor required by law; that the defendant Browning has filed an application with the Revenue Commissioner for a State license; and that the Revenue Commissioner will grant a State license to the defendant Browning unless restrained from so doing—are sufficient to take the present case out of the rule that mere apprehension or fear of some future injury will not support an injunction action, and to bring it within the rule that one is not required to await the infliction of injury before seeking to prevent it by injunctive relief. See, in this connection, *Gregory* v. *Quarles*, 172 *Ga.* 45 (2) (157 S. E. 306) ; *Looper* v. *Ga., So. & Fla. Ry. Co.*, 213 *Ga.* 279 (1) (99 S. E. 2d 101).

5. The trial judge erred in sustaining the general demurrers and dismissing the petition.

*Judgment reversed. Duckworth, C. J., Candler, Almand, Mobley, JJ., and Judge G. C. Anderson concur. Wyatt, P. J., dissents. Head, J., disqualified.*

ARGUED JUNE 9, 1959—DECIDED JULY 8, 1959—
REHEARING DENIED JULY 23, 1959.

*Houston White, William F. Lozier,* for plaintiffs in error.

*John A. Dunaway, William F. Lozier,* for party at interest not party to record.

*Johnson, Hatcher, Meyerson & Irvin, Johnson, Hatcher & Meyerson, Herbert Johnson, Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Robert H. Walling, John M. Bowling, Deputy Assistant Attorneys-General,* contra.