### 24180. MABRY v. SHIKANY.

UNDERCOFLER, Justice. W. L. Mabry, Jr. brought suit against Joseph Michael Shikany, Jr., the holder of a retail liquor license issued by the Board of Commissioners of Roads and Revenues of Fulton County, to enjoin the operation of said business and declare said license null and void. The petitioner alleges that he is a resident of Fulton County interested in seeing its laws enforced and that on April 19, 1966, the county officials issued to the defendant a retail

liquor license contrary to its regulations in that he did not make application therefor on approved forms, did not advertise his intention to make application, did not furnish the required sworn proof that the advertisement of such a license had been completed, and that the location of the proposed business was within the prohibited distance of 1,000 feet of that of another licensee.

The defendant demurred generally on the grounds that the petition did not set forth sufficient cause for injunctive relief and that the right to seek such relief is vested solely in the State acting through the solicitor general of the county. Both grounds of demurrer were sustained and the petition dismissed. The plaintiff appeals, enumerating as error these rulings of the trial court. *Held:*

1. The question to be determined here is whether the plaintiff can attack the validity of a retail liquor license by seeking to enjoin the holder thereof from operating said business. In support thereof, the plaintiff pleads the rules and regulations of the Board of Commissioners of Roads and Revenues of Fulton County governing the issuance of retail liquor licenses and alleges that the defendant's license was improperly issued thereunder. The petition does not disclose any particular injury to the plaintiff resulting from such violation. There is no allegation of how his property was injured or how the act complained of affects his rights any more than it does all other persons who come within the sphere of its operation. "Manifestly, then, the object of this petition was not to redress a private grievance, but to enjoin the perpetration of an alleged public wrong. We cannot conceive upon what theory equity could interfere in such a matter, except upon the idea of restraining the commission of acts which amount to a nuisance." *O'Brien v. Harris,* 105 Ga. 732, 735 (31 SE 745).

The operation of a retail liquor business without a valid license in this State is unlawful and constitutes a public nuisance. *Owens v. Rutherford,* 200 Ga. 143, 148 (36 SE2d 309). However, a private citizen cannot maintain an action to enjoin the operation of such a business in a "wet" county for this reason unless he has sustained special injury and its abatement must proceed for the public on information filed by the solicitor general. *Code* § 72-202. *Lofton v. Collins,* 117 Ga. 434 (43 SE 708, 61 LRA 150); *Walker v. McNelly,* 121 Ga.

114 (1) (48 SE 718); *Dispensary Commissioners of Lee County v. Hooper,* 128 Ga. 99 (2) (56 SE 997); and *Head v. Browning,* 215 Ga. 263 (109 SE2d 798). Since the plaintiff fails to allege any special injury, the court did not err in sustaining the general demurrer and dismissing the petition.

2. The case of *Head v. Browning,* supra, relied upon by the appellant is distinguished from the instant case because that suit involved a public officer and an action whose object was to procure the enforcement of a public duty under *Code* § 64-104.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 10, 1967—DECIDED JULY 14, 1967.

*LeRoy C. Hobbs, A. Tate Conyers,* for appellant.
*Joe Salem,* for appellee.

