Eve, commissioner, *vs.* Simon.

In counties where liquor is allowed to be sold, the county commissioners (if there be any) are invested with discretion to grant or refuse licenses to retail; and if they refuse such a license, a *mandamus* will not be granted to compel them to issue it.

November 23, 1886.

Liquor.    License.    County Matters.    Before Judge Roney.    Richmond Superior Court.    April Adjourned Term, 1886.

Reported in the decision.

M. P. FOSTER, by FOSTER & LAMAR, for plaintiff in error.

SALEM DUTCHER, by brief, for defendant.

BLANDFORD, Justice.

The defendant in error applied to the commissioner of Richmond county for license to retail spirituous liquors. The license was refused by the commissioner, and upon application to the superior court, the court awarded a *mandamus* to compel the commissioner to issue the license to defendant in error. To this decision the commissioner excepted, and here say that the court erred in granting the *mandamus*.

We do think a *mandamus* will lie to compel the commissioner to perform an act which the law leaves discretionary with him to do or not. The law expressly declares that he shall have power to grant the license or refuse the same. Code, §1419. This law has never been repealed by any subsequent legislation, but is still of force in those counties where liquor is allowed to be sold.

Judgment reversed.