HARBIN *v.* HOLCOMB, commissioner.

GILBERT, Justice. John Harbin sought mandamus against James Holcomb, commissioner of roads and revenues of Cherokee County, to require the defendant to fix a fee and to issue to the petitioner a license to sell malt beverages in Cherokee County without the limits of any municipality, under authority of the act of 1935 (Ga. Laws 1935, p. 73). The petition was dismissed on general demurrer, and the petitioner excepted. *Held*:

1. "The privilege of manufacturing, distributing, and selling by wholesale or retail of beverages provided in this act is purely a privilege; and no business legalized by this act shall be conducted in any county or incorporated municipality of this State without a permit from the governing authority of such county or municipality, which said authority is hereby given discretionary powers as to the granting or refusal of such permits." Ga. L. 1935, p. 73, sec. 15A. The petitioner is dependent upon the act of 1935, if he is to obtain a license. He claims no other lawful authority. That act empowers county authorities to grant such licenses; but the power to act is left to the discretion of the local authority. If the commissioner refuses to grant the license, mandamus will not control his discretion. *Eve* v. *Simon*, 78 *Ga.* 120; *City of Atlanta* v. *Blackman Health Resort Inc.*, 153 *Ga.* 499 (5) (113 S. E. 545); *Powell* v. *Bainbridge State Bank*, 161 *Ga.* 855 (132 S. E. 60);

*Graham* v. *Merritt,* 165 *Ga.* 489, 491 (141 S. E. 298). Where the refusal is arbitrary and contrary to law, mandamus is a remedy. *Brock* v. *State,* 65 *Ga.* 437.

2. It is contended that section 15A of the act of 1935 is void, because in conflict with the following provisions of the constitution of Georgia: (a) Art. 3, sec. 7, par. 8 (Code of 1933, § 2-1808): "No law or ordinance shall pass which . . contains matter different from what is expressed in the title thereof." (b) Art. 1, sec. 4, par. 1 (§ 2-401): "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." (c) Art. 1, sec. 1, par. 3 (§ 2-103): "No person shall be deprived of life, liberty, or property, except by due process of law." The act is not void for any reason assigned.

(*a*) Section 15A is germane to the object of the legislation as stated in the caption, and therefore the title is sufficiently comprehensive to permit the legislation which is attacked.

(*b*) That portion of section 15A which confers discretionary powers on the county authority is itself general, and is not a special law in a case for which provision has been made by an existing general law.

(*c*) The refusal of a license to the petitioner does not deprive him of life, liberty, or property. The sale of malt beverages is declared by the act to be a privilege, and denial of a license does not deprive the petitioner of anything to which he has an absolute right. The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 10990. FEBRUARY 2, 1936. REHEARING DENIED MARCH 12, 1936.

*Blair & Gardner* and *George D. Anderson,* for plaintiff.
*E. M. McCanless* and *John S. Wood,* for defendant.