## TATE *v.* SEYMOUR, sheriff.

GILBERT, Justice. J. Phil Tate filed a petition for injunction against S. B. Seymour, sheriff of Elbert County, alleging that on September 20, 1935, the defendant illegally seized and carried away three cases of beer belonging to the petitioner, the seizure being made at his place of business located in Elbert County and without the limits of any incorporated town or city; that petitioner had duly applied to the State Revenue Commission for a license to conduct his business and had tendered to the commission $10 for such license and permit as a retail dealer of malt beverages, as provided for in the act of 1935 (Ga. Laws 1935, p. 73), but the license was refused for the reason that the commissioner of roads and revenues of Elbert County had declined to issue

to the petitioner a permit to conduct the business, though he had made application therefor; that section 7 of the said act of 1935 is unconstitutional, null, and void, as being in violation of art. 3, sec. 1, par. 1, of the constitution of this State, in that it delegates to the governing authorities of the several counties of the State authority to exercise power exclusively vested in the General Assembly; that section 15A of the said act is likewise unconstitutional, null, and void for the same reason; that section 17 of the said act is also unconstitutional, null, and void, in that it seeks to deprive the petitioner of his property and liberty without due process of law, in violation of art. 1, sec. 1, par. 3, of the constitution of Georgia; that unless the defendant is enjoined he will make further illegal entries upon the petitioner's property and seize and contraband any other or further malt beverages that may there be found, and will illegally proceed to destroy them; and that the petitioner is without remedy at law. He prayed that paragraphs 7, 15A and 17 of the act of 1935 be declared unconstitutional and void; that the defendant, his deputies, agents, or employees be enjoined from destroying the three cases of beer, and from making further entries upon the petitioner's property for the purpose of seizing any malt beverages; that they be enjoined from making any further seizures of malt beverages upon the premises of the petitioner in Elbert County, Georgia, outside of the limits of any incorporated town or city; and for general relief. The defendant filed a demurrer on the grounds that there is no equity in the petition; that it affirmatively appears that the petitioner has no license or permit to handle or deal in malt beverages, and consequently he is not entitled to an injunction; that by the express terms of the act of 1935 the right to sell malt beverages is declared to be a privilege, and not to be conducted in any county without a permit from the governing authority of such county; that the petitioner's remedy, if any, is by mandamus to compel a license or permit to be issued to him to engage in the business of selling malt beverages; that, even if the act of 1935 be unconstitutional as claimed, the petitioner would not be authorized to deal in malt beverages without paying the required license fee, which he admits he has never paid; and that he has an adequate remedy at law. The court sustained the demurrer, and the petitioner excepted. *Held:*

1. The allegations of the petition permit of no construction other than that the purpose of the petitioner was to conduct a business of selling malt beverages.

2. For the right to sell malt beverages it is essential that the petitioner obtain a license or permit from the governing authority of his county. Georgia Laws 1935, p. 80, §§ 15A, 16; *Green* v. *Spears,* 181 *Ga.* 486 (182 S. E. 913).

3. There is no merit in the constitutional points raised. The act does not deprive the petitioner of due process of law. The act provides for a privilege which may be granted or denied in the discretion of the local authorities. *Harbin* v. *Holcomb,* 181 *Ga.* 800.

4. The State Revenue Commission can not legally authorize one to sell malt beverages unless the municipal or county authorities, as the case

may be, also grant a license. The refusal, in this instance, of the county commissioner to grant a license prevented a grant by the State Revenue Commission.

5. Mandamus is an available remedy where in such a case the refusal is arbitrary and illegal. *Brock* v. *State*, 65 *Ga.* 437.

6. Under the allegations in this case the refusal was not arbitrary or illegal. *Judgment affirmed. All the Justices concur.*

No 11192. FEBRUARY 21, 1936.

*J. T. Sisk,* for plaintiff. *W. D. Tutt,* for defendant.