25769. EBLING *et al. v.* CITY OF ROME.

Decided November 21, 1936.

*John Camp Davis,* for plaintiff in error. *W. B. Mebane,* contra.

MacIntyre, J. The defendants operated a restaurant and obtained a license for the year 1936 to sell beer and wine in the City of Rome. The commissioners of that city issued a rule nisi calling on the defendants to show cause why their license should not be revoked for the reason that they were also having, possessing, controlling, and keeping whisky in their restaurant and place of business. They filed an answer and admitted that the whisky was found in the restaurant. The evidence showed that the quantity so found was one and a half cases of whisky.

For the right to sell malt beverages, it is essential that the seller obtain a license or permit from the governing authorities of the incorporated municipalities where the business is to be operated. Ga. Laws 1935, p. 80, §§ 15 a, 16; *Tate* v. *Seymour,* 181

*Ga.* 801 (2) (184 S. E. 598). If the seller is to sell beer legally in this State, he is dependent on the act of 1935, and under that act he can not sell beer in an incorporated municipality unless the governing authorities permit or license him so to do. No affirmative action either to sell or permit the sale of beer in its limits is necessary in order to make a sale thereof a crime. The sale of malt beverages is declared by this act to be purely a privilege, and the denial of a license or permit does not deprive the accused of anything to which he has an absolute right. *Harbin* v. *Holcomb,* 181 *Ga.* 800 (184 S. E. 603); *Collier* v. *State, 54 Ga. App.* 346 (187 S. E. 343). A license to sell beer in this State is neither a contract nor a right of property, within the legal and constitutional meaning of those terms. It is no more than a temporary permit to do that which would otherwise be unlawful, and forms a part of the internal police system of this State. Hence, the authority which granted the license retained the power to revoke it for due cause. Black on Intoxicating Liquors, 233, § 189; *Brown* v. *State, 82 Ga.* 224 (7 S. E. 915); *Purvis* v. *Ocilla, 149 Ga.* 771 (102 S. E. 241); *Shurman* v. *Atlanta, 148 Ga.* 1 (95 S. E. 698); *Cassidy* v. *Macon,* 133 *Ga.* 689 (66 S. E. 941); *Laing* v. *Americus, 86 Ga.* 756 (13 S. E. 107); *Campbell* v. *Thomasville, 6 Ga. App.* 212 (64 S. E. 815); State *v.* Ross, 177 Mo. App. 233, 288 (162 S. W. 702). We think the city commissioners of Rome (the license commissioners) were authorized, under the evidence, to find that the defendants were keeping whisky in their restaurant, in violation of the criminal laws of Georgia, and that this constituted cause for which the license could be revoked. Black on Intoxicating Liquors, 235, § 192.

■ Under the laws of Georgia, it is still illegal to possess whisky and so to do is a misdemeanor. The court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*