GAISSERT *v.* THE STATE.

No. 12431. SEPTEMBER 15, 1938.

*Beck, Goodrich & Beck,* for plaintiff in error.
*Stanford Arnold, solicitor* and *Charles H. Arnall,* contra.

RUSSELL, Chief Justice. After an examination of the grounds of the petition for certiorari, the Supreme Court decided to grant the application and review the judgment of the Court of Appeals. Gaissert was convicted of a misdemeanor in selling malt liquors in Coweta County without a permit or a license. Since the writ was granted the members of the court have made a careful investigation and review of the law applicable to the questions involved; and the court has reached the conclusion, upon mature consideration, that the Court of Appeals erred in affirming the judgment of the city court of Newnan sustaining the conviction. In the first place, the ruling by the Court of Appeals that the selling of malt beverages is a privilege and not a right, while stating a sound principle of law, is not applicable in the case at bar. The case is not one where a person demanded from the county commissioners a permit which they refused, or where, after the county authorities refused to grant a permit, he proceeded to conduct business in the county. It is a case where a duly authorized agent of the Griffin Wholesale Grocery Company, which was already the holder of a license to sell beer by wholesale, took orders in Coweta County for beer to be delivered to a licensed dealer after the placing of the order.

Under sec. 15A of the malt-beverage act of 1935 (Ga. L. 1935, pp. 73-81), "The privilege of manufacturing, distributing, and selling by wholesale or retail of beverages provided in this act is purely a privilege, and no business legalized by this act shall be

conducted in any county . . without a permit from the governing authority of such county, . . which said authority is hereby given discretionary powers as to the granting or refusal of such permits." It was thus put in the power of a county ·to entirely forbid the sale of malt liquors in the county (outside of municipalities) "without a permit from the governing authority, . . which said authority is hereby given discretionary powers as to the granting or refual of such permits." We are of the opinion that the discretionary power given put it within the power of the county authorities to decline to allow the selling of malt beverages within their county, by refusing all licenses. But when the county, as it did in this case, accepted the provisions of the act of 1935 legalizing the sale of beer, and adopted regulations under the authority granted by said act, and licensed retailers thereunder within its borders, and went further and placed safeguards and restrictions upon these licensees by stipulating that such licensed retailer should not engage solely in the business of selling malt beverages, but that such sale was to be merely one part of such retailer's business, the "discretionary powers" given to the county authorities did·not include the right captiously and arbitrarily to refuse to allow a wholesaler not within its borders to sell to these retailers so licensed within its borders. It could not have been intended by this act to authorize the county authorities to grant permits to retailers and exact licenses from them, and whimsically give the county authorities arbitrary power to deny any sale made to them by a wholesaler who did not have a place of business within the limits of the county. There is no question of the fitness of the salesman, Gaissert, to receive a permit, if one be necessary. The contrary would seem to appear from the very nature of the accusation against him, to wit, that he made a sale or sales without obtaining a permit by paying the county $100 therefor. The county authorities have no right to exact from a traveling salesman, such as in this case, a license fee under sec. 7 of the act of 1935. The character of business which a county is authorized to license on the payment of a license fee is stated in sec. 7, as "businesses located outside a municipality" in such county. A traveling salesman of a wholesaler located in another county, which has no place of business in the county seeking to tax the salesman, is not a "business located" in the county where the sales are made by ·a traveling

salesman. Section 7 of the malt-beverage act is the only section or division which authorizes county authorities to exact a license fee. It is therein declared: "The license fee so fixed shall apply to and be required for each brewery or place of manufacture and for each place of wholesale, and also for each place of retail distribution outside of the municipality and/or including towns or cities." Traveling salesmen of a wholesaler not having a place of business in the county are not included in this division, and sec. 8, par. 1, which fixes the penalty upon violators of this act, refers to "such business as specified in this act," meaning the business of a wholesaler or retailer located in the county where the license fee is exacted or sought to be exacted.

The license fee of $100 demanded of the traveling salesman in this case can not be said to be a regulatory tax. On the contrary, license fees exacted of one whose actual place of business is located within the borders of the county, whether wholesale or retail, may reasonably be classed as regulatory. Since no authority or power is conferred by the act of 1935 on county authorities to exact a license fee (in any county) of a traveling salesman for a duly licensed wholesaler whose place of business is located outside of the county, a conviction for not obtaining a permit, which could be obtained only upon payment of a $100 license fee, can not be sustained. It seems clear that under the principles announced in *Fruit Co.* v. *Dalton*, 184 *Ga.* 277 (191 S. E. 130), the decision of the Court of Appeals is in direct conflict with the rulings of this court. In the case cited it was held: "1. Under the Code, § 92-4105, a municipal corporation can not levy any license or tax against a traveling salesman engaged in taking orders for the sale of goods, where no delivery of goods is made at the time of taking such orders. 2. The protection given by this statute to traveling salesmen extends to merchants and dealers represented by them, and prevents the municipality from levying any tax against a dealer the situs of whose business is elsewhere, and who merely delivers goods to customers in the municipality upon orders previously taken by the salesman. 3. Where a dealer in beer at wholesale had its only office and business in the City of Rome, and sold and delivered beer in the City of Dalton only upon orders previously taken by its traveling agent or salesman, the business so conducted was not subject to an ordinance of the City of Dalton

imposing a license fee or tax on dealers in beer at wholesale." While that decision dealt only with an ordinance of the City of Dalton, the principle can not be varied merely because in the case sub judice the court is dealing only with a regulation of the authorities of the county. In speaking for this court Mr. Justice Bell, in delivering the unanimous opinion, gave so clearly the underlying reasons which control the decision as to obviate the necessity of any further explanation. We are of the opinion that the ruling of the Court of Appeals must be reversed, and the case remanded to the trial court for decision in accordance with this judgment and opinion of the Supreme Court.

*Judgment reversed. All the Justices concur.*

HUTCHESON and GRICE, JJ., concur in the judgment.