HART *v.* HEAD, commissioner.

No. 12391. September 27, 1938.

*A. L. Henson* for plaintiff. *Carmichael & Grove,* for defendant.

Bell, Justice. Mrs. Anna M. Hart filed a suit against C. M. Head, commissioner of roads and revenues of Cobb County, seeking the writ of mandamus to compel the defendant to issue to her a permit to sell malt beverages at a specified location in such county. The court sustained a general demurrer and dismissed the action, and the plaintiff excepted. The petition alleged substantially the following facts: In pursuance of the malt-beverage act of March 23, 1935 (Ga. L. 1935, p. 73), the plaintiff had previously applied to the defendant, as the proper county authority, for a permit to sell malt beverages, and her application had been refused by him. As commissioner of roads and revenues of Cobb County the defendant had granted licenses to divers other persons to sell malt beverages in the county, and had promulgated rules and regulations governing the issuance of such permits. The plaintiff complied with each and all of these rules and regulations, and she is a fit and proper person to conduct such business, according to the admission and agreement of the defendant. The only reason for the rejection of her application was that the commissioner preferred that malt beverages should not be sold at the particular location, because to do so would make the property in that general section less valuable for residence purposes. The plaintiff's building and general property are peculiarly adapted for use as a tavern, having been constructed and improved for that purpose. The building is of a type that is unfit for any other purpose. There have been no published regulations which would authorize the commissioner to deny license to a business at this particular location,

and the plaintiff acquired the property without knowledge that any such arbitrary rule would be applied to her.

The writ of mandamus will issue only to enforce a duty which is imposed by law. The law must not only authorize the act to be done, but must require its performance. *Douglas* v. *Board of Education of Johnson County,* 164 *Ga.* 271 (4) (138 S. E. 226) ; *Sibley* v. *Park,* 175 *Ga.* 846 (2) (166 S. E. 212). The malt-beverage act of March 23, 1935, declares: "The privilege of manufacturing, distributing, and selling by wholesale or retail of beverages provided in this act is purely a privilege, and no business legalized by this act shall be conducted in any county or incorporated municipality of this State without a permit from the governing authority of such county or municipality, which said authority is hereby given discretionary powers as to the granting or refusal of such permits." Ga. L. 1935, p. 73, sec. 15A. The act does not grant to any one the right to a permit, but as to this matter refers only to a privilege, "purely a privilege." The plaintiff is dependent on this statute if she is to obtain a permit. The act confers on the county authorities the right to grant or refuse a license in their discretion, but the entire matter is left to their discretion; and where a permit has been refused by them, the courts will not control their discretion by the writ of mandamus. As was said in *Hodges* v. *Kennedy,* 184 *Ga.* 400 (191 S. E. 377), the petition involves not only the question of discretion on the part of the county authority, but also the question of a right which may be enforced by the writ of mandamus. *Plumb* v. *Christie,* 103 *Ga.* 686 (30 S. E. 759, 42 L. R. A. 181). See also *Green* v. *Spears,* 181 *Ga.* 486 (182 S. E. 913) ; *Harbin* v. *Holcomb,* 181 *Ga.* 800 (184 S. E. 603) ; *Tate* v. *Seymour,* 181 *Ga.* 801 (184 S. E. 598) ; *Murray* v. *Ashburn,* 182 *Ga.* 699 (186 S. E. 801) ; *McKown* v. *Atlanta,* 184 *Ga.* 221 190 S. E. 571). "To entitle one to the writ of mandamus it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced." *City of Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499 (5), 505 (113 S. E. 545) ; *Adkins* v. *Bennett,* 138 *Ga.* 118 (74 S. E. 838) ; *Cassidy* v. *Wiley,* 141 *Ga.* 333 (80 S. E. 1046, 51 L. R. A. (N. S.) 128).

In the *caption* of an act approved March 30, 1937 (Ga. L. 1937, p. 148), amending the act of 1935 in several particulars, one of

the declared purposes was to amend the former act "by striking and repealing section 15A of said act and substituting in lieu thereof a new section to be known as 15A," and to contain stated provisions. A careful examination of the amending statute shows, however, that such declared purpose was not carried out in the body of the act, and that section 15A as quoted above was in no wise affected. See *Gilbert* v. *Georgia Railroad & Banking Co.,* 104 *Ga.* 412 (30 S. E. 673). The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*