### RICHMOND COUNTY et al. v. GLANTON.

HAWKINS, Justice. H. F. Glanton filed his petition against Richmond County, Georgia, the Board of Commissioners of Roads and Revenues of that county, each of the commissioners, and the sheriff of the county,

wherein he alleged: that on December 29, 1952, he had purchased a retail beer license from the commissioners for the year 1953, for which he had paid the required license fee of $100, which authorized him to sell beer and wine at retail at his place of business; that, after the license was issued to him, he purchased from the State of Georgia a license to sell beer and wine at retail for the year 1953, for which he paid $15; that the county license was revoked by the commissioners at a meeting held on January 6, 1953, without any notice to him or any opportunity to be heard; that he had complied with the law and had done nothing which would justify the action of the commissioners in revoking his license; and he prayed that the order of the commissioners revoking his license be set aside, decreed to be void and of no effect, that the defendants be restrained and enjoined from interfering with the plaintiff in the operation of said business, and that the court decree that he may open and operate said business. To this petition the defendants interposed their general demurrer, which was overruled by the trial judge, and to this judgment they except. *Held:*

1. This case is controlled by the decision in *Phillips* v. *Head,* 188 *Ga.* 511 (4 S. E. 2d, 240), wherein it is held that the sale of malt beverages under the malt beverage act of 1935 (Ga. L. 1935, p. 73) is a privilege only, and that a license issued by county authorities under the provisions of that act, a mere permit, is revocable by them at their pleasure, and without notice to the holder. See also *Highnote* v. *Jones,* 198 *Ga.* 56 (2) (31 S. E. 2d, 13).

(a) What is here held is not in conflict with the decision in *Mayor &c. of Savannah* v. *Savannah Distributing Co.,* 202 *Ga.* 559 (43 S. E. 2d, 704), for that case deals with an entirely separate and distinct act, known as the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors" (Ga. L. 1937-38, Ex. Sess., p. 103), which has no application to the present case, since that act does not amend, repeal, change, modify, or supersede the malt beverage act dealt with in *Phillips* v. *Head,* 188 *Ga.* 511 (supra).

2. The trial court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur, except Head, J., who dissents and Atkinson, P. J., not participating.*

No. 18169. ARGUED APRIL 13, 1953—DECIDED MAY 11, 1953.

*Franklin H. Pierce,* for plaintiffs in error.
*Peebles & Burnside,* contra.