21240.    WEATHERS *et al.* v. STITH *et al.*

Mobley, Justice.    1.    Section 1 of the Malt Beverage Act (Ga. L. 1935, p. 73; *Code Ann.* § 58-701)) provides that "The business

of manufacturing, distributing, selling or otherwise dealing in malt beverages . . . *is a privilege under the laws of this State. . .*" (Italics ours.)

Section 15A of the same act provides: "The privilege of manufacturing, distributing and selling by wholesale or retail of beverages provided in this Chapter is purely a privilege and no business legalized by this Chapter shall be conducted in any county or incorporated municipality of this State without a permit from the governing authority of such county or municipality, which said authority is hereby given discretionary powers as to the granting or refusal of such permits." Ga. L. 1935, p. 80 (*Code Ann.* § 58-718).

"To entitle one to the writ of mandamus it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced." *City of Atlanta v. Blackman Health Resort*, 153 Ga. 499, 505 (113 SE 545); *Adkins v. Bennett*, 138 Ga. 118 (74 SE 838); *Cassidy v. Wiley*, 141 Ga. 331, 333 (80 SE 1046, 51 LRA (NS) 128).

"The act of 1935 [i.e., the Malt Beverage Act] does not confer a right upon anyone; but, so far as here material, it is expressly limited to the grant or refusal of a mere privilege; and the writ of mandamus will not lie to compel the local authorities to enforce a mere 'privilege' when they are given the distinct power to grant or refuse it according to their discretion." *Hodges v. Kennedy*, 184 Ga. 400, 402 (191 SE 377). See also *Harbin v. Holcomb*, 181 Ga. 800 (184 SE 603).

It is clear that the plaintiffs, having neither alleged nor proved that they have been denied any legal right, were not legally harmed or prejudiced and therefore it was not error on the part of the lower court to deny the mandamus absolute or the injunction.

2. The question of the constitutionality of the ordinance passed by the City of East Point on January 16, 1961, is not essential to the determination of this case and for that reason we do not pass upon it here. *Armstrong v. Jones*, 34 Ga. 309; *Taylor v. Flint*, 35 Ga. 124; *Herring v. State*, 114 Ga. 96 (39 SE 866); *Cone v. State*, 184 Ga. 316 (191 SE 250); *Lee v. State*, 184 Ga. 327 (191 SE 256); *Sumter County v. Allen*, 193 Ga. 171 (17 SE2d 567); *Harper v. Davis*, 197 Ga. 762 (30 SE2d 481); *Fletcher v. Daniels*, 211 Ga. 403 (86 SE 2d 232).

*Judgment affirmed. All the Justices concur.*

*Bagwell & Hames,* for plaintiffs in error.

*Ezra E. Phillips, James H. Archer, Jr.,* contra.

The plaintiffs in error, plaintiffs below, alleging themselves to be licensed State and city retailers, wholesalers, and distributors of beer in the City of East Point, brought an action against the Mayor and City Council of East Point praying that the defendants be enjoined from interfering with their malt beverage operations and that a writ of mandamus be issued requiring the defendants to (1) comply with earlier ordinances which authorized the sale and distribution of malt beverages and (2) to issue to the plaintiffs permits and licenses to sell such beverages within the corporate limits of East Point.

The defendants' answer, as amended, set forth an ordinance of January 16, 1961, which entirely prohibited the sale or distribution of malt beverages within the City of East Point. The plaintiffs then attacked the constitutionality of the ordinance enacted on January 16th by general demurrers to the defendants' first amendment to their answer.

The plaintiffs' demurrers to the defendants' amended answer were overruled and the applications for mandamus absolute and temporary injunction were denied. Error was assigned on those rulings.