21700.   CITY OF EAST POINT et al. v. WEATHERS et al.

SUBMITTED JUNE 13, 1962—DECIDED JULY 10, 1962.

*Phillips & Johnson, James H. Archer, Jr.,* for plaintiffs in error.

*James A. Bagwell,* contra.

MOBLEY, Justice. The defendants' general demurrer raised, among other issues, the issue of whether or not plaintiffs have standing in equity to raise the questions presented by their petition for injunctive relief. Upon a previous appearance of this litigation this court held that the plaintiff malt beverage dealers were not entitled to mandamus absolute because the business of manufacturing, distributing, selling, or otherwise dealing in malt beverages is a privilege under the laws of this State and mandamus will not lie to compel local authorities to enforce a privilege but rather will only lie when a person shows a clear legal right to have the particular act in question performed. *Weathers v. Stith,* 217 Ga. 39 (120 SE2d 616). In the present case, plaintiff malt beverage dealers seek injunctive relief as citizens and taxpayers of the City of East Point. They allege that the city has been receiving from license and excise taxes imposed upon retail and wholesale distributors of malt beverages within the municipal limits of the city $90,000 an-

nually; that the enforcement of the ordinance repealing the license and excise taxes imposed upon them (1) would cause a loss of that revenue which would cause the municipal taxes upon plaintiffs to be increased; (2) would entail illegal expenditures of which plaintiffs would be required to bear their proportional part; and (3) would cause irreparable injury to their business and property rights. Upon these allegations their standing in equity must be determined.

The right of a taxpayer to enjoin municipal officials from committing ultra vires acts has long been recognized in this State. *Wells v. Mayor &c. of Atlanta,* 43 Ga. 67; *Keen v. Mayor &c. of Waycross,* 101 Ga. 588 (29 SE 42). According to one line of cases, in order for such an action to be maintained the plaintiff must allege that his "taxpayer's interest" will be injuriously affected by the act in question, as, for instance, that an illegal debt will be created (*Keen v. Mayor &c. of Waycross,* supra; *Renfroe v. City of Atlanta,* 140 Ga. 81, 78 SE 449), or illegal expenses will be incurred (*Keen v. Mayor &c. of Waycross,* supra; *Mayor &c. of Macon v. Hughes,* 110 Ga. 795, 36 SE 247; *City of Brunswick v. Trunnell,* 182 Ga. 489, 185 SE 918), or there will be a resulting increase in taxes (*Keen v. Mayo &c. of Waycross,* supra; *Bagby v. Bowen,* 180 Ga. 214, 178 SE 439), or there will be a misappropriation of public funds (*Mayor &c. of Americus v. Perry,* 114 Ga. 871, 40 SE 1004; *Mitchell v. Lasseter,* 114 Ga. 275, 40 SE 287; *Fluker v. City of Union Point,* 132 Ga. 568, 64 SE 648).

Other cases hold that a private citizen may not sue a municipality as a citizen and taxpayer unless he shows injury to some peculiar and special interest not shared by the general public. *Perkins v. Mayor &c. of Madison,* 175 Ga. 714 (165 SE 811); *Alexander v. Citizens & Southern Nat. Bank,* 212 Ga. 295 (92 SE2d 16). Whatever conflict may exist between these latter cases and those cases, supra, in which an individual taxpayer is held to have a sufficient interest in the manner in which municipal funds are collected and disbursed and debts incurred —an interest which he most obviously shares with and holds in common with other taxpayers—need not be resolved in the decision of this case. See *Morris v. City Council of Augusta,* 201

Ga. 666, 669-70 (40 SE2d 710) ; see also *Head v. Browning,* 215 Ga. 263, 266 (109 SE2d 798), wherein are cited *Miller v. Head,* 186 Ga. 694 (198 SE 680) ; *McCloy v. Christian,* 206 Ga. 590 (58 SE2d 171) ; *Ellis v. City of Hapeville,* 203 Ga. 364 (47 SE2d 265) ; and *Gulledge v. Augusta Coach Co.,* 210 Ga. 377 (80 SE2d 274), which cases hold that a citizen and taxpayer cannot as such enjoin an ultra vires act of a municipal official without showing that it will injuriously affect him, Justice Hawkins there expressing the opinion that these cases ignored *Code* § 64-104.

Still another line of cases holds, basing such holding on *Code* § 64-104, that when the question involved is one of public right and the object of the action is to procure the enforcement of a public duty, no special interest need be shown, it being sufficient that plaintiff is interested in having the laws executed and the duty in question enforced. *Thomas v. Ragsdale,* 188 Ga. 238 (3 SE2d 567) ; *Moore v. Robinson,* 206 Ga. 27 (55 SE2d 711) ; *Head v. Browning,* 215 Ga. 263, supra. Although *Code* § 64-104 is found in the chapter of the Code dealing with mandamus, and was codified from the ruling of this court in the mandamus case of *Board of Commissioners of Manchester v. Montgomery,* 170 Ga. 361 (153 SE 34), the principle there stated has not been confined to mandamus cases. *Head v. Browning,* supra.

The present case clearly is not one in which the question involved is one of public right and its object is not to enforce any public duty since the entire question of whether or not any permits will be granted to sell malt beverages within the limits of a municipality is a matter of privilege and within the discretion of the governing authority of the municipality, which may grant or refuse some or all such permits at its pleasure. *Code Ann.* § 58-718; *Gaissert v. State,* 186 Ga. 599 (198 SE 675) ; *Hart v. Head,* 186 Ga. 823 (199 SE 125) ; *Phillips v. Head,* 188 Ga. 511 (4 SE2d 240) ; *Richmond County v. Glanton,* 209 Ga. 733 (76 SE2d 65). Likewise, plaintiffs show no injury which would be caused to their interests as taxpayers by the enforcement of the ordinance because the manufacture, distribution and sale of malt beverages being within the discretion of the governing authority of the municipality, it must necessarily follow

that the tax revenue obtained from such manufacture, distribution and sale is also discretionary. *J. C. Lewis Motor Co. v. Mayor &c. of Savannah,* 210 Ga. 591 (82 SE2d 132). The allegation that the enforcement of the illegal ordinance will entail illegal expenditures of public funds is without merit as no facts are alleged to show that such expenses will be incurred. It is within the discretion of the governing authority of the city to deny all licenses, which denial would not necessarily require the expenditure of any money. Since, therefore, it does not appear that plaintiffs will be hurt by the act complained of, they cannot complain. *Wallace v. City of Atlanta,* 200 Ga. 749 (38 SE2d 596). As to plaintiffs' allegation of injury to business and property rights, the question here being one of privilege rather than of right, the revocation of the privilege can raise no question of deprivation of or injury to property. *Harbin v. Holcomb,* 181 Ga. 800 (184 SE 603). For these reasons the plaintiffs as citizens and taxpayers of the City of East Point lack standing in equity to seek an injunction against the enforcement of the ordinance in question, and the trial court erred in overruling the general demurrer of the defendants.

*Judgment reversed. All the Justices concur.*