### 40331. HUDON et al. v. NORTH ATLANTA et al.

HALL, Judge. This petition prayed for a declaratory judgment and for injunctive relief, and the writ of error was transferred

by the Supreme Court to this court with an opinion stating that the allegations of the petition were insufficient to authorize the grant of a permanent injunction. *Hudon v. North Atlanta,* 219 Ga. 179 (132 SE2d 74).

The trial court did not err in sustaining the general demurrer and dismissing the petition brought by the plaintiffs against the municipal authorities, alleging that the incorporated village of North Atlanta is not empowered by its charter to grant licenses to sell malt beverages; that the plaintiffs have been advised by their counsel that the sale of malt beverages without a license from either county or municipal authorities is prohibited under the Malt Beverage Act of 1935 (Ga. L. 1935, p. 73) and will subject them to prosecution; and that therefore they seek a declaration that the provisions of the Malt Beverage Act requiring a license to engage in the business of the retail sale and wholesale distribution of malt beverages are inapplicable to them. *Held:*

The business of selling malt beverages is purely a privilege under the laws of Georgia. *Code Ann.* § 58-701. No such business shall be conducted in any incorporated municipality of this State without a permit from the governing authority of the municipality, and the governing authority is given discretionary powers as to the granting or refusal of the permits. *Code Ann.* § 58-718. It is axiomatic therefore that the Malt Beverage Act of 1935 (Ga. L. 1935, p. 73) "does not confer a right upon anyone; . . . it is expressly limited to the grant or refusal of a mere privilege. . ." *Weathers v. Stith,* 217 Ga. 39, 40 (120 SE2d 616). It is not the function of the Declaratory Judgments Act (Ga. L. 1945, p. 137) to settle controversies and make binding declarations concerning a mere privilege. *City of Brunswick v. Anderson,* 204 Ga. 515 (1) (50 SE2d 337).

The law is clear that it is a criminal offense to engage in the business of selling malt beverages without having secured a license to do so. Ga. L. 1935, pp. 73, 77 (*Code Ann.* § 58-723). The law is likewise clear that the proper governing body to issue a license or permit within the corporate limits of a municipality is the governing body of the municipality and that the governing body of a county is limited in its authority to issue licenses or permits to the unincorporated areas of the county. Ga. L. 1935, pp. 73, 76, 77, 80 (*Code Ann.* §§ 58-716, 58-717, 58-718); *Ebling v. City of*

*Rome,* 54 Ga. App. 608 (188 SE 727); *McKown v. City of Atlanta,* 184 Ga. 221, 222 (190 SE 571); *Gaissert v. State,* 186 Ga. 599, 600 (198 SE 675); *Phillips v. Head,* 188 Ga. 511 (4 SE2d 240). It is obvious therefore that the plaintiffs know what they are doing and have no need for judicial advice. *Venable v. Dallas,* 212 Ga. 595 (94 SE2d 416). The only thing remaining is the proper enforcement of the criminal law.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

DECIDED SEPTEMBER 24, 1963.

*Bagwell & Hames, John M. Hames,* for plaintiffs in error.

*T. B. Higdon,* contra.

*Eugene Cook, Attorney General, William L. Harper, Assistant Attorney General,* amicus curiae.