23171. McKINNON v. MANNING et al.

COOK, Justice. The constitutional question asserted by counsel for the appellant in his brief and in oral argument was not raised by the pleadings. The only question here presented is whether the defendants can be compelled by mandamus to regulate the sale of malt beverages in the unincorporated area of DeKalb County, where they have refused to grant licenses for this purpose to anyone. This question was fully resolved, adversely to the appellant's position, in *Gaissert v. State,* 186 Ga. 599 (198 SE 675), and *Weathers v. Stith,* 217 Ga. 39 (1) (120 SE2d 616).

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED OCTOBER 13, 1965—DECIDED NOVEMBER 4, 1965.

*Joe Salem,* for appellant.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellees.

Robert J. McKinnon sought a mandamus absolute against the members of the Board of Commissioners of Roads and Revenues of DeKalb County to compel them to regulate the issuance of licenses to sell malt beverages and wine in the unincorporated area of DeKalb County. The petition, as amended, alleges in substance that the adoption of the 1935 Malt Beverages Act

(Ga. L. 1935, p. 73) and the 1935 Wine Act (Ga. L. 1935, p. 492), imposed upon the defendants a public duty to regulate the issuance of licenses to engage in the malt beverage and wine businesses, and that they have failed and refused to discharge this duty by failing to enact rules and regulations, and by refusing to grant licenses to engage in the retail sale of malt beverages and wine. There is no separate prayer respecting the regulation of each, and on argument counsel for the appellant treated the case as a petition to compel the regulation of the issuance of licenses to sell malt beverages.

The petition, as amended, was dismissed on renewed general demurrer. The petitioner assigns error on this order.