## 27340. MASSELL et al. v. LEATHERS et al.

MOBLEY, Chief Justice. This is an appeal from a judgment of the Superior Court of Fulton County restraining and enjoining the appellants from refusing to issue the appellees a beer license.

Code Ann. § 58-718 provides: "The privilege of . . . selling by wholesale or retail of beverages provided in this chapter is *purely a privilege* [emphasis supplied] and no business legalized by this chapter shall be conducted in any county or incorporated municipality of this State without a permit from the governing authority of such county or municipality, which said authority is hereby given discretionary powers as to the granting or refusal of such permits." Ga. L. 1935, pp. 73, 80.

This court has passed upon questions arising under this statute several times since its enactment, and uniformly upheld the statute. In *Harbin v. Holcomb,* 181 Ga. 800 (2c) (184 SE 603), it was held that: "The refusal of a license to the petitioner does not deprive him of life, liberty, or property. The sale of malt beverages is declared by the Act to be a privilege, and denial of a license does not deprive the petitioner of anything to which he has an absolute right. The court did not err in sustaining the general demurrer to the petition." See *Murray v. City of Ashburn,* 182 Ga. 699 (186 SE 801).

In *City of East Point v. Weathers,* 218 Ga. 133, 136 (126 SE2d 675), where, by ordinance, the city proposed to prohibit the sale of malt beverages within the city, this court held that the question involved is not one of public right and its object is not to enforce a public duty since the question of whether permits will be granted to sell malt beverages within the city is a matter of privilege and within the discretion of the governing authority of the municipality, which may grant or refuse some or all such permits at its pleasure. See *Gaissert v. State,* 186 Ga. 599 (198 SE 675); *Hart v. Head,* 186 Ga. 823 (199 SE 125); *Phillips v. Head,* 188 Ga. 511 (4 SE2d 240);

*Richmond County v. Glanton,* 209 Ga. 733 (76 SE2d 65); *Weathers v. Stith,* 217 Ga. 39 (1) (120 SE2d 616), and cases cited.

The cases relied upon by the appellees to support the contention that the granting of a license to sell malt beverages is not a "mere privilege" and must meet the requirement of due process and equal protection are not controlling. The case of Hornsby v. Allen, 326 F2d 605, is not controlling on this court. The other cases, Schware v. Board of Bar Examiners, 353 U. S. 232, 238 (77 SC 752, 1 LE2d 796); Sherbert v. Verner, 374 U. S. 398, 404 (83 SC 1790, 10 LE2d 965); and Shapiro v. Thompson, 394 U. S. 618, 627 (89 SC 1322, 22 LE2d 600), are not in point, as they deal with different situations. In the Schware case, where the Board of Bar Examiners refused to permit Schware to take the Bar Examination, the court held that "whether the practice of law is a 'right' or a 'privilege' need not here be determined; . . ." In the Sherbert case, the South Carolina statute abridged the appellant's rights to free exercise of religion.

For the foregoing reasons, the judgment of the trial court was error.

*Judgment reversed. All the Justices concur, except Hawes and Gunter, JJ., who dissent.*

ARGUED JULY 11, 1972—DECIDED SEPTEMBER 7, 1972—
REHEARING DENIED SEPTEMBER 25, 1972.

*Henry L. Bowden, John E. Dougherty,* for appellants.
*Albert M. Horn, Glenn Zell,* for appellees.

GUNTER, Justice, dissenting. This appeal has presented the question of whether an application for a permit to sell beer at retail in Atlanta may be arbitrarily denied by the City's governing authority.

The applicant's application was first summarily denied by the governing authority; a judge of Fulton Superior Court held such denial to be legally improper and directed that the governing authority duly consider the application; an evidentiary hearing was then conducted before the govern-

ing authority, and the application was again denied; another judge of Fulton Superior Court determined that the second denial was legally improper after the evidentiary hearing, and he enjoined the governing authority from refusing to issue the permit to the applicant; the governing authority has now appealed, seeking reversal of the trial court's injunctive order.

A majority of the court here today reverses the trial court, holding that in the area of alcoholic beverages the entitlement to a retail sales permit is only a "privilege" which can be arbitrarily granted or denied by a local governing authority. I disagree with the majority and would hold that the arbitrary denial of such a retail permit by a local governing authority offends the "equal protection" provisions of the Georgia Constitution and the Federal Constitution.

Since Magna Carta our system has maintained that all citizens must receive fair and equal treatment at the hand of government; to bolster this concept of equal treatment of citizens at the hand of government, "equal protection" provisions have been written into our State and Federal Constitutions; our Georgia Constitution says that one of the paramount duties of government is the protection to a person and his property and that such protection shall be *impartial* and complete. See *Code Ann.* § 2-102. Our Georgia Constitution also provides that it shall be the duty of the General Assembly to enact such laws as will protect citizens in the full enjoyment of the rights, *privileges* and immunities due to such citizenship. See *Code Ann.* § 2-125. The Fourteenth Amendment to the Federal Constitution provides that no State shall make or enforce any law which shall abridge the *privileges* or immunities of citizens of the United States, or deny to any person within its jurisdiction the equal protection of the laws.

It is therefore quite plain to me that the General Assembly of Georgia cannot enact a valid statute which says that a retail beer permit can be arbitrarily denied to a citizen of Georgia by a local governing authority, and that is exactly

what the General Assembly of Georgia attempted to do in 1935 in §§ 1 and 15A when it enacted the Malt Beverages Act. (Ga. L. 1935, p. 73.)

The authority contained in that Act for a municipal government to arbitrarily deny a retail beer permit to a citizen is a legislative authorization that is in direct conflict with the "equal protection" provisions of the Georgia and Federal Constitutions. The Georgia Constitution also provides that legislative acts in violation of the Georgia Constitution or the Constitution of the United States are void, *and the judiciary shall so declare them.* See *Code Ann.* § 2-402. I would therefore declare that the attempt by the General Assembly of Georgia in the 1935 Malt Beverages Act to confer arbitrary power upon a municipal government to grant or deny retail beer permits to citizens is unconstitutional and void.

The Supreme Court of the United States has put at rest any distinction heretofore made between "privileges" and "rights" in the constitutional context. In the case of Goldberg v. Kelly, 397 U. S. 254, 262 (90 SC 1011, 25 LE2d 287), it said that "the constitutional challenge can not be answered by an argument that public assistance benefits are a 'privilege' and not a 'right,'" (citing Shapiro v. Thompson, 394 U. S. 618; and citing with approval the case of Hornsby v. Allen, 326 F2d 605).

The retail sale of beer in 1972 is nothing more than a regulated business with numerous retail outlets; its sale is regulated but little more than other normal general merchandise; and the earlier decisions of this court upholding the power of a municipality to arbitrarily deny a permit to a qualified citizen are, in my opinion, relics of the early post-prohibition era; and in the light of the "equal protection" mandates of the Georgia and Federal Constitutions, those decisions should now be given a peaceful repose.

The doctrine of "equal protection" for citizens under the law was invoked and reduced to writing in Constitutions to prevent governmental bodies from taking arbitrary action toward their citizens or groups or classes of their citizens.

For this doctrine to have any practical meaning in the affairs of everyday life, the legislative grant of power to a municipal government which enables the latter to arbitrarily deny a beer permit to one of its citizens can not be constitutionally upheld.

It follows that I would affirm the judgment of the trial court.

I respectfully dissent. I am authorized to state that Justice Hawes joins me in this dissent.