31927. CITY OF ATLANTA et al. v. HILL.

Ingram, Justice.

The appellant municipality was ordered by the Superior Court of Fulton County in this mandamus case to issue the appellee a license to operate a beer and wine package store. Standards for the issuance of municipal alcoholic beverage licenses are contained in several ordinances of the city. The city contends on appeal that the appellee failed to meet these ordinance requirements and also that the refusal by the city to issue the license is

not subject to mandamus in the courts. We reject both arguments of the city.

The trial judge determined after a hearing that the appellee's license application satisfied the requirements of the city ordinances. We do not have a transcript of the proceedings before the trial judge, but, using his findings of fact, we see no error in the conclusions of law which he reached in the case in determining the appellee met the license requirements of the city.

Of greater concern is the transcending question posed in this appeal: Is the refusal by a municipality to grant an alcoholic beverage license to an applicant who meets the requirements of the city's ordinances subject to the writ of mandamus? The city, relying upon *Goldberg v. Mulherin,* 226 Ga. 785 (117 SE2d 667) (1970), and *Massell v. Leathers,* 229 Ga. 503 (192 SE2d 379) (1972) (Gunter, J., dissenting), argues that the trial court erred in ordering the license issued to the appellee. *Goldberg* and *Massell* support the city's position in this case, but we conclude that they can no longer be followed and must yield to the rationale of applicable federal decisions on the federal constitutional issues involved. The following decisions of the U. S. Supreme Court demonstrate that in the area of federal constitutional law the death knell has been sounded to the right-privilege distinction. See Shapiro v. Thompson, 294 U. S. 618 (1968); Goldberg v. Kelly, 397 U. S. 254 (1969); Board of Regents v. Roth, 408 U. S. 564, 571 (1971); Perry v. Sinderman, 408 U. S. 593, 601 (1972); and Mathews v. Eldridge, 424 U. S. 319 (1976). The seminal 5th Circuit decision in Hornsby v. Allen, 326 F2d 605 (5th Cir. 1964), which was cited with approval in Goldberg v. Kelly, supra, 397 U. S. at 262, stands for the basic proposition that in the field of licensing municipal authorities cannot free themselves from the constraints of the due process and equal protection clauses merely because the state has labeled an alcoholic beverage license a privilege. In the present case, it is unnecessary to determine the full extent to which the due process clause applies to proceedings involving the grant, revocation or renewal of alcoholic beverage licenses. What we determine, in line with previously cited federal decisions, is that when an applicant for such a

license has met the prescribed standards for obtaining it, a refusal by the municipal authorities to issue the license constitutes a denial of equal protection, entitling the applicant to a writ of mandamus in state court.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only and Undercofler, P. J., who concurs specially.*

SUBMITTED JANUARY 21, 1977 — DECIDED FEBRUARY 23, 1977.

*W. Roy Mays, III,* for appellants.
*S. George Handelsman, William T. Brooks,* for appellee.

UNDERCOFLER, Presiding Justice, concurring specially.

Under recent U. S. Supreme Court decisions *Goldberg v. Mulherin* is no longer valid. ". . . [T]he court has fully and finally rejected the wooden distinction between 'rights' and 'privileges' that once seemed to govern the application of procedural due process rights." Board of Regents v. Roth, 408 U. S. 564, 571 (1972). Nevertheless the constitutional rights of alcoholic beverage licensees and license applicants must be balanced against a state's prerogatives under the Twenty-first Amendment. California v. LaRue, 409 U. S. 109 (1972). These constitutional rights appear to be limited to what may be described as "protected rights." As stated in Board of Regents v. Roth, supra, at 569, "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount. But the range of inter-ests protected by procedural due process is not infinite. . . And a weighing process has long been a part of any determination of the *form* of hearing required in particular situations by procedural due process. But, to determine whether due process requirements apply in the first place, we must look not to the 'weight' but to the *nature* of the interest at stake. . . We must look to see if the interest is within the Fourteenth Amendment's

protection of liberty and property."

Undoubtedly there will be further exposition of these principles in the future by the U. S. Supreme Court. See Kenosha v. Bruno, 412 U. S. 507 (1973).

Hornsby v. Allen, cited by the majority opinion, has been limited. "Invoking Hornsby, a case mistakenly thought by too many to be a pledge that if local authorities would not, a Federal Court would, grant a liquor license..." Atlanta Bowling Center, Inc. v. Allen, 389 F2d 713 (5th Cir., 1968). "We have explicitly refused to read Hornsby as 'holding that the Federal Courts sit as a super liquor board.'" Sandbach v. City of Valdosta, 526 F2d 1259, 1260 (5th Cir., 1976).