## 38508. NEWSOME v. CITY OF UNION POINT.

GREGORY, Justice.

Appellant, as a resident and taxpayer of the City of Union Point, Georgia, sought equitable relief to declare as void an ordinance

enacted by the City regarding the licensing and sale of malt beverages and wine in the City and to enjoin issuance of any licenses under the ordinance. He appeals to this court from the dismissal of his case on the grounds that he failed to allege or prove any legal standing to maintain his action for injunctive relief.

On April 14, 1981, the city of Union Point, acting by and through its city council, enacted an ordinance authorizing the licensing and sale of malt beverages and wine within the city. On June 2, 1981, Ernest E. Newsome filed a "suit for injunction" against the city, directed at the operation of the ordinance, alleging that: (1) the presentation of the ordinance did not comply with the city charter's requirements; (2) the ordinance was presented, without notice, in a closed executive session, in violation of the city charter and the "Georgia Sunshine Law"; and (3) two of the city council members who voted for the ordinance, and whose votes were essential to the passage of the ordinance, were disqualified to vote under the city charter. The superior court judge issued a rule nisi and temporary restraining order, enjoining the city from taking further legislative action on the ordinance but allowing the sale of malt beverages and wine to continue. On June 15, 1981, on motion by the city, the judge rescinded that portion of his order which enjoined the city from taking further legislative action on the issue.

On June 30, 1981, the city council effectively re-enacted the ordinance in question, this time complying with the provisions of the city charter and "Georgia Sunshine Law" regarding notice and open sessions. In subsequent amendments of his suit for injunction, Newsome further alleged that: (4) Code Ann. § 5A-4301 and § 5A-5301 (which grant municipalities power regarding licensing and sale of malt beverages and wine without resort to public referendum) are unconstitutional in that they arbitrarily remove from the public the right to have a referendum on such sales. The city made a motion to dismiss the case, arguing that the plaintiff had an adequate remedy at law and that the plaintiff lacked standing to properly bring this suit. The trial judge considered the verified pleadings, received evidence and briefs from the parties and heard arguments on this motion and dismissed the case on "grounds that Plaintiff has failed to allege or prove any legal 'standing' or 'legal ground' to maintain his action for injunctive relief. See *Perkins v. Mayor and Council of Madison, et al.,* 175 Ga. 714, (1932)." It is from this order of dismissal that he appeals.[1]

---

[1] While the motion filed by the defendants and heard by the trial court was labeled a motion to dismiss, the trial court considered evidence beyond the pleadings in

The only question for consideration is whether the plaintiff lacked standing to maintain the suit. Newsome claimed no special damages, but argued standing to maintain this suit based on his status as a citizen, resident and taxpayer of the city of Union Point. Because we find that he lacked standing on this basis, we affirm.

Newsome argues that he has standing based on the following proposition: "In this state, it is established that a citizen and taxpayer of a municipality, without the necessity for showing any special injury, has standing to sue to prevent officials of the municipal corporation from taking actions or performing acts which they have no authority to do.... 'There is no doubt but that equity will exercise jurisdiction to restrain acts or threatened acts of public corporations or of public officers, boards, or commissions which are ultra vires and beyond the scope of their authority, outside their jurisdiction, unlawful or without authority.'" *League of Women Voters v. City of Atlanta,* 245 Ga. 301, 303 (264 SE2d 859) (1980). In order to have such standing in equity, however, Newsome had to properly allege that the enactment of the ordinance in question was an ultra vires action by the municipality. A review of the record shows that he has alleged no objections to the enactment of the ordinance which he could prove in equity as ultra vires action by the municipality.

"An act or contract of a corporation is properly said to be ultra vires where it is beyond the powers expressly or impliedly conferred upon the corporation." 19 AmJur2d 441. Our cases which follow the rule cited above from *League of Women Voters v. Atlanta,* supra, have found standing was proper only where it was shown that the challenged action was beyond the power or authority of the municipality or municipal officer to perform under any circumstances. See *City of East Point v. Weathers,* 218 Ga. 133 (126 SE2d 675) (1962); *Head v. Browning,* 215 Ga. 263 (109 SE2d 798) (1959); *Smith v. McMichael,* 203 Ga. 74 (45 SE2d 431) (1947); *Mitchell v. Lasseter,* 114 Ga. 275 (40 SE 287) (1901); *Mayor &c. of Macon v. Hughes,* 110 Ga. 795 (36 SE 247) (1900); *Keen v. Mayor &c. of Waycross,* 101 Ga. 588 (29 SE 42) (1897); *Wells v. Mayor &c. of*

---

ruling on this motion, including the deposition of the plaintiff. As a result, this motion to dismiss was converted to a motion for summary judgment under Code Ann. § 81A-156. See *Capes v. Morgan,* 235 Ga. 1, 4 (218 SE2d 764) (1975). Because this evidence and these arguments were presented without objection by the parties as to the 30 day time requirements of § 81A-156 (c), and because it is clear that there was no genuine issue as to any material fact and that the question of this plaintiff's standing could be determined as a matter of law, summary judgment on the question of standing was proper.

*Atlanta,* 43 Ga. 67 (1871).

Appellant's primary contention on appeal is that the enactment of the ordinance was ultra vires because two of the members who voted for its enactment were not authorized to vote on the ordinance.[2] It is alleged that one of the council members voting in favor of the ordinance had a disqualifying conflict of interests and that the mayor, who cast the tie-breaking vote, was disqualified under the city charter because he no longer actually resides within the city.

While the contention alleges a potential defect in the enactment of the ordinance, that does not mean that this was a potentially ultra vires act by the municipality so as to give this plaintiff standing. This court has previously noted that "[t]here is a distinction between the doing by a corporation of an act beyond the scope of the powers granted to it by law, and an irregularity in the exercise of the granted powers." *Georgia Granite R. Co. v. Miller,* 144 Ga. 665 (2a) (87 SE 897) (1915).

In order for a plaintiff to bring a suit in equity to challenge the actions of a municipality, based solely on his status as a citizen, resident, and taxpayer, he must allege that those actions were ultra vires. For the action to be considered ultra vires, it must appear that the action taken was beyond the scope of the powers that have been expressly or impliedly conferred on the municipality. Union Point was authorized to enact legislation, through its city council, regarding the licensing and sale of malt beverages and wine (see Code Ann. § 5A-4301, § 5A-5301, and Ga. Laws 1978, p. 3966), and the fact that two of the city council members voting for the ordinance may have been disqualified to so vote does not render this municipality's actions ultra vires.

Appellant's constitutional challenge to Code Ann. § 5A-4301 and § 5A-5301, if valid, could potentially make the municipality's actions ultra vires so as to give him standing. We have considered appellants' constitutional challenges to § 5A-4301 and § 5A-5301, including his due process challenge, and find them to be without merit. Because we decide this question of law adversely to him, there is no set of facts which could be proved in support of this claim which would entitle appellant to relief, thus the trial court did not err in

---

[2] The city charter of Union Point vests the city's legislative authority in a city council composed of the mayor and six council members. The affirmative vote of the majority of the council members present and voting when there is a constituted quorum is required for the adoption of any ordinance. The mayor is entitled to vote only in the case of a tie vote. Ga. Laws 1978, 3966, 3974, 3979. In this case, all six council members were present and voted on the ordinance in question, resulting in a 3-3 tie vote. The mayor cast his deciding vote in favor of the ordinance.

dismissing appellant's complaint.

Appellant's remaining challenges to the ordinance fail to allege that the municipality's actions were ultra vires. His allegation that the presentation of the ordinance failed to comply with the city charter's technical requirements fails under our analysis to present a potential ultra vires action. It is unnecessary to analyze the contention that the first enactment of the ordinance was in violation of the "Georgia Sunshine Laws" and the city charter provisions regarding notice and open sessions because the ordinance was subsequently re-enacted in compliance with those provisions.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 26, 1982.

*David G. Kopp,* for appellant.
*Lawrence & Rice, Peter J. Rice, Jr.,* for appellee.