S90A0710. SEGO v. CITY OF PEACHTREE CITY et al.

(392 SE2d 877)

SMITH, Presiding Justice.

Mr. Sego applied for a license to sell alcoholic beverages in Peachtree City on November 1, 1989. As part of the application, each applicant is required to state whether or not they have been arrested for "any violation of any federal law, state law, county or municipal law, regulation or ordinance." Mr. Sego revealed the following: "June 30, 1984 DUI - January 16, 1988 DUI." Although there is no express statement in the ordinance that violations of state law could be grounds for refusal to grant a license, there is express language in the ordinance that states that violations of state law could be grounds for revocation of an issued license. After a hearing in which the appellant was questioned about receiving two DUIs within a period of four years and the last being only ten months prior to his application for a liquor license, the council rejected his application. Mr. Sego then sought a mandamus in the superior court. After a lengthy hearing, the trial judge specifically found that Section 3-15 of the ordinance states that the council acts in a judicial capacity in applying the facts to the criteria and that the council is vested with discretion to grant or deny a license. The trial judge denied the mandamus after finding that the council had applied the facts in a judicial capacity to the licensing ordinance and that their actions were not arbitrary or capricious and that Mr. Sego did not have a clear legal right to have the mandamus issued.

The appellant in his sole enumeration of error states that the trial court erred in denying the mandamus.

A writ of mandamus is only available when there is a clear legal right to have the particular act performed. *Hernandez v. Bd. of Commrs. of Camden County,* 242 Ga. 76, 77 (247 SE2d 870) (1978). The trial court found that there was no clear legal right. The appellee successfully argued before the trial court that the ordinance specifically requires the applicant to meet all the "ascertainable standards of [the] chapter[,]" § 3-15, not just, as the appellant argued in the trial court and again before this Court, the standards set out in Article II of the ordinance. The trial court looked to the ordinance as a whole to find the ascertainable standards and looking to the ordinance as a whole decided that there was no clear legal right to the license and denied the writ of mandamus.

As this Court stated in *Arras v. Herrin*, 255 Ga. 11, 12 (334 SE2d 677) (1985),

> [I]n Georgia a liquor licensing ordinance must provide "sufficient objective standards to control the discretion of the governing authority and adequate notice to applicants of the criteria for issuance of a license."

The trial court agreed with the appellee that the ascertainable standards are in the ordinance as a whole despite the appellant's insistence that the ascertainable standards are only in Article II of the ordinance.

The appellant argues that he has met the ascertainable standards under Article II and that under *City of Atlanta v. Hill*, 238 Ga. 413 (233 SE2d 193) (1977), the refusal to issue the license constitutes a denial of equal protection entitling the applicant to a writ of mandamus. However, in *Hill* the trial court specifically found and this Court agreed that the applicant in that case had "satisfied the requirements of the city ordinances." Id. at 414. As a result mandamus was a proper remedy because the applicant had a clear legal right to the remedy. However the trial judge in this case specifically found, after looking to the ordinance as a whole, that the appellant had not established "a clear legal right which has been breached, or . . . a clear abuse of discretion." Based upon that finding, the trial court would have erred in granting the writ of mandamus.

The appellant's argument from the beginning has been that the ascertainable standards are only in Article II. The council argues, and the ordinance states that an applicant must meet the "ascertainable standards of [the] chapter," § 3-15, not only the standards in Article II. The trial court agreed with the appellee that the ordinance as a whole must be considered. Our duty on appeal is to discern if the trial court erred. In that determination we must look to see if the trial court's determination was clearly erroneous, and if it was not the judgment should not be disturbed. OCGA § 9-11-52; *City of Roswell v. Heavy Machines Co.*, 256 Ga. 472 (349 SE2d 743) (1986). We find that the trial court's determination was not clearly erroneous and we affirm.

*Judgment affirmed. All the Justices concur, except Weltner, Bell and Hunt, JJ., who dissent.*

WELTNER, Justice, dissenting.

I dissent.

1. Sego applied to the City of Peachtree City for a license to sell alcoholic beverages. After a hearing before the city council, his application was denied on the ground that he twice had been sentenced for

misdemeanor offenses of driving under the influence of alcohol.

2. (a) A review of the ordinance reveals but one element that is in the nature of a standard for the issuance of licenses:

> The affidavit of each person whose name appears on an application for a license pursuant to subsection 3-4 (a) of this chapter swearing that said person has not, within five (5) years prior to the date of the application, been convicted of, nor entered a plea of nolo contendere to, any felony or a misdemeanor relating to the sale of alcoholic beverages. [City of Peachtree City Code, Sec. 3-5 (b).]

(b) There is no contention that Sego has failed to comply with that requirement, or that, within the designated time period, he has been convicted of or entered a plea of nolo contendere to any of the designated offenses.

3. (a) Sec. 3-15 provides:

> All applicants for a license meeting the ascertainable standards of this chapter will be granted the license or licenses requested, upon the hearing; and the council in applying the facts to the licensing criteria will act in a judicial capacity.[1]

(b) As we held in *City of Atlanta v. Hill*, 238 Ga. 413 (233 SE2d 193) (1977):

> [W]hen an applicant for such a license has met the prescribed standards for obtaining it, a refusal by the municipal authorities to issue the license constitutes a denial of equal protection, entitling the applicant to a writ of mandamus in state court. [Id. at 414-5.]

I am authorized to state that Justice Bell and Justice Hunt join in this dissent.

DECIDED JULY 5, 1990 —
RECONSIDERATION DENIED JULY 27, 1990.

*William H. Turner, Jr.*, for appellant.
*A. Mitchell Powell, Jr.*, for appellees.

---

[1] It is a logical fallacy to conclude that a provision of the ordinance (Sec. 3-71) that authorizes *revocation* of a license when a licensee is convicted of driving under the influence of alcohol may be understood as authorizing the denial of an *application* for license.